Carol WILLIAMS, Petitioner,

v.

The CAMBRIDGE COMPANIES, INC., Respondent.

No. B–9686.

Supreme Court of Texas.

March 18, 1981.

Rehearing Denied April 15, 1981.

---

Carrington, Coleman, Sloman & Blumenthal, Corbet F. Bryant, Jr., Dallas, for petitioner.

Hughes & Hill, William B. Finkelstein and Walter G. Pettey, III, Dallas, for respondent.

POPE, Justice.

Carol Williams sued Cambridge Companies, Inc. to recover an amount she claimed was owing on an installment promissory note. Williams was the licensed sales person for the broker who handled a real estate transaction for Cambridge Companies. After the broker assigned his right to the commission to Williams, Cambridge Companies gave her the promissory note. The trial court, sitting without a jury, rendered judgment for plaintiff Williams, but the court of civil appeals reversed the judgment and rendered judgment that Williams take nothing. 602 S.W.2d 306. We affirm the judgment of the court of civil appeals.

In 1972 Cambridge Companies purchased from Mr. and Mrs. James Stockard and Mr. and Mrs. J. W. Stockard about 325 acres of real estate located in Denton County. Cambridge Companies gave a purchase money note to the Stockards wherein it agreed to pay only the interest on the principal from January 1, 1973, to January 1, 1981. The Stockard note postponed Cambridge Companies' obligation to make payments on the principal until August 10, 1981. On December 30, 1975, Cambridge Companies reconveyed the property to the Stockards, and the Stockards cancelled their purchase money note and purchase agreement.

Williams and Cambridge Companies had agreed in 1972 that Williams would receive as her real estate commission on the Stockard deal the total sum of thirty thousand dollars ($30,000). Cambridge Companies paid her six thousand dollars ($6,000) in cash in 1972 and signed a note with her for the balance. Williams' note was for a total of twenty-four thousand dollars ($24,000), conditionally payable in four equal installments of six thousand dollars ($6,000) on August 10, 1973, 1974, 1975, and 1976. In no event was she ever to receive more than thirty thousand dollars ($30,000) of which debt six thousand dollars ($6,000) had been paid, and twenty-four thousand dollars ($24,000) was evidenced by the note.

Williams asserted two bases for her claim against Cambridge Companies. She alleged that Cambridge Companies defaulted on its 1976 installment on her note. That part of her action was denied by the judgment of the court of civil appeals. The reason, as explained by that court's opinion, was that Cambridge Companies terminated its purchase money note and purchase agreement with the Stockards, and continuing pay-

ments by Cambridge Companies on the Williams' note were made contingent upon the continuance of this trade between Cambridge Companies and the Stockards. For the reasons expressed in the opinion of the court of civil appeals, we affirm that part of the judgment.

We granted the writ in this case because Williams had asserted an alternative action which the court of civil appeals did not address. Unquestionably, Cambridge Companies had paid both the 1973 and 1975 installments on its note to Williams. She says, however, that Cambridge Companies failed to pay her the sum of two thousand one hundred nineteen dollars and five cents ($2,119.05) owing on the 1974 installment, which 1974 installment on the Williams' note is the issue now before this court.

The promissory note that Cambridge Companies gave Williams had this provision:

> In the event all or any part of the property is sold without the property which is sold being released from the lien of the above-mentioned deed of trust, or in the event all or any part of the property is released from the above-mentioned deed of trust, on the occasion of each such sale or release an amount equal to three percent (3%) of the total sales price of such sale or three percent (3%) of the consideration of each such release, as the case may be, shall be paid on the principal hereof.

In 1973 Cambridge Companies sold twenty-three acres out of the land it had purchased from the Stockards and, as required by the quoted provision, paid three percent of the sales price to Williams. The letter that Cambridge Companies sent to Williams transmitting the sum of two thousand one hundred nineteen dollars and five cents ($2,119.05) stated that it was sent as "partial payment of the principal of the note." That letter was dated February 14, 1974. Cambridge Companies later sent Williams during the month of August, the additional sum of three thousand eight hundred eighty dollars and ninety-five cents ($3,880.95), which it says was the balance of the next

six thousand dollar ($6,000) installment that was due on August 10, 1974.

At the trial of this case, Williams first urged that Cambridge Companies owed the three percent of any sale it made in addition to the 1974 installment of six thousand dollars ($6,000). But Mr. Williams, who was plaintiff's husband and agent, testified that he understood the three percent payment generated by the sale would be credited on the note in the year that the installment came due. That testimony seems to support the position taken by Cambridge Companies. He said that he had so told Charles J. Wilson, Cambridge Companies' president. As Mr. Williams testified, "[T]hat seems right to me." He also testified, however, that he did not agree with Cambridge Companies that the three percent payment should be applied against the 1974 principal installment.

The trial court made findings favorable to Williams that Cambridge Companies paid only $3,880.95 as principal on the 1974 installment and concluded that the note obligated Cambridge Companies to make full principal payments of six thousand dollars ($6,000.00) in 1974, 1975, and 1976.

■ It is our opinion that Cambridge Companies' advance payment of two thousand one hundred nineteen dollars and five cents ($2,119.05) in February, 1974, was correctly applied to the principal of the Williams' note. The provision in that note, quoted above, unambiguously and expressly stated that the three percent of any total sales "shall be paid on the principal hereof." Cambridge Companies' letter transmitting the check to Williams in February, 1974, stated that it enclosed a check representing partial payment of the principal of the note resulting from a partial sale and release of the property."

■ The February, 1974, payment was properly applied to the next installment, the one owing on August 10, 1974, rather than to the last installment due in 1976. *Curry v. O'Daniel*, 102 S.W.2d 481, 482 (Tex. Civ.App.—Waco 1937, writ ref'd); 5A A. Corbin, Corbin on Contracts § 1231 (1964);

Restatement of Contracts § 387 (1932). As soon as the August check was received, Mr. Williams, acting for his wife, discussed the application of the earlier payment, and Cambridge Companies then gave instructions to apply the payment as partial payment of the next installment. Even in the absence of those instructions, the prepayment was correctly applied to the installment first maturing. *First Nat. Bank of El Paso v. International Sheep Co.*, 29 S.W.2d 513, 519 (Tex.Civ.App.—El Paso 1930, writ ref'd); 15 S. Williston, Williston on Contracts § 1795 (1972); Restatement of Security § 142 (1941).

The judgment of the court of civil appeals is affirmed.