Ronnie Phillips, Holt & Phillips, Denton, for appellants.

Kerry N. Cammack, Roberts, Harbour, Smith & Harris, Longview, for appellees.

**Johnie C. HAMBERLIN and Patricia Hamberlin, Appellants,**

v.

**LONGVIEW BANK AND TRUST COMPANY and David V. Wright, Appellees.**

No. 9651.

Court of Appeals of Texas, Texarkana.

March 14, 1989.

Rehearing Denied April 11, 1989.

CORNELIUS, Chief Justice.

Johnie and Patricia Hamberlin appeal from a judgment for Longview Bank and Trust Company which reformed a real estate conveyance on the ground of mutual mistake. In seven points of error, they contend that the pleadings do not support reformation, there is no evidence or insufficient evidence to support the trial court's findings of fact, and the trial court erred in failing to award rental income from the property. We overrule these contentions and affirm the judgment.

Viewing the evidence most favorably in support of the judgment, the following facts may be considered as established: Longview Bank and Trust Company acquired the property in question in a substitute trustee's sale following the fore-

closure of its lien on the property. Mr. Hamberlin became interested in purchasing that portion of the foreclosed property known as the Poole farm, referred to here as Tracts 1–4, and he discussed his interest with Mike Poole. He later saw an advertisement in the *Gilmer Mirror* offering the Poole farm for sale. The advertisement described the farm as 105 acres of land in Upshur County, one mile from the Gilmer Country Club. Mr. Hamberlin was familiar with the Poole farm, having known the Pooles and the property for many years. He contacted John Dyer, president of the bank, to discuss purchasing the farm, and negotiations ensued. Ultimately, they reached an agreement by which the bank would sell the Poole farm to the Hamberlins. The agreed price was $150,000.00. Two days expired between the agreement to purchase and the closing of the sale. The closing was held at the bank under the supervision of Mrs. Gail Freeman, a bank vice-president. Mr. Dyer was not present at the closing, but he had previously signed a deed for the bank. Mrs. Freeman gave Mr. Hamberlin the deed and told him to read it carefully. Mrs. Freeman was not personally familiar with the land being sold. Mr. Hamberlin read the deed and recognized that it not only covered the Poole farm, Tracts 1–4, but also covered four city lots in Gilmer, referred to here as Tracts 5–8. Mrs. Freeman and Mr. Hamberlin discussed whether the land contained 105 acres. Mrs. Freeman checked the land description and concluded that the rural tracts did not quite add up to 105 acres. She then checked the city tract descriptions, but she could not calculate the acreage because they were described by feet and she did not know how to determine acreage by square feet. Although Mr. Hamberlin recognized that the deed contained land which had not been agreed on as part of the sale, he did not relate that to Mrs. Freeman, and he did not reveal to any of the bank's officers or employees that Tracts 5–8 had been mistakenly included in the deed. He considered that he was getting "a real good deal," and accepted the deed as it was. Mr. Dyer testified that the bank never intended to sell the Hamberlins all eight tracts, but only the Poole farm. Three or four weeks after the closing of the sale, Mrs. Freeman called Mr. Hamberlin to inform him that the deed was incorrect. Thereafter, both Mr. Dyer and the bank's attorney called him and requested that the additional land, Tracts 5–8, be reconveyed to the bank. Mr. Hamberlin refused. Subsequently the bank conveyed the four town lots to another person. This litigation followed.

The trial court found, among others, the following facts: the bank agreed to sell and the Hamberlins agreed to buy the Poole farm described as Tracts 1–4 for $150,000.00; their agreement did not include the city property described as Tracts 5–8; the deed executed by the bank president included Tracts 5–8 as well as Tracts 1–4; the bank president did not know that the deed mistakenly included Tracts 5–8; the vice-president who supervised the closing of the sale also did not detect that the deed erroneously included Tracts 5–8; Mr. Hamberlin knew at the time he closed the sale that the deed included Tracts 5–8 as well as the Poole farm; Mr. Hamberlin concealed from the bank officers that the deed also included Tracts 5–8; the deed did not reflect the true agreement of the parties and was the result of a mutual mistake; Tracts 1–4 had a reasonable market value of $150,000.00; and that if the Hamberlins received Tracts 5–8 as well as Tracts 1–4 they would be unjustly enriched to the extent of $85,000.00.

The court concluded as a matter of law that the bank's mistake in including Tracts 5–8 in the deed and the Hamberlins' knowledge of that mistake were the equivalent of a mutual mistake and that the bank was entitled to reformation of the deed so as to delete Tracts 5–8 from the conveyance.

There is ample evidence to support the trial court's findings that Tracts 5–8 were included in the deed by mistake, and that Mr. Hamberlin knew but failed to disclose the mistake when he accepted the deed. A party may secure reformation of a deed if he proves that he reached an agreement with the other party, but that because of a mutual mistake the deed did

not reflect the true agreement. *Thalman v. Martin,* 635 S.W.2d 411 (Tex.1982). In that regard, a mistake by one of the parties and knowledge of that mistake by the other party is equivalent to mutual mistake. *Davis v. Grammer,* 750 S.W.2d 766 (Tex. 1988); *Spellman v. American Universal Investment Co.,* 687 S.W.2d 27 (Tex.App.— Corpus Christi 1984, writ ref'd n.r.e.); *Cambridge Companies, Inc. v. Williams,* 602 S.W.2d 306 (Tex.Civ.App.—Texarkana 1980), *aff'd,* 615 S.W.2d 172 (Tex.1981); *Ace Drug Marts, Inc. v. Sterling,* 502 S.W. 2d 935 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.); *Coker v. Hughes,* 307 S.W.2d 354 (Tex.Civ.App.—Amarillo 1957, no writ); *Warren v. Osborne,* 154 S.W.2d 944 (Tex.Civ.App.—Texarkana 1941, writ ref'd w.o.m.); *Restatement (Second) of Contracts* §§ 161(c), 166 comment a (1981). Some of the cases state that a mistake by one party must be coupled with fraud or inequitable conduct by the other party to support reformation, but it is held that knowledge of the mistake by one party and his failure to reveal it to the other party amounts to such inequitable conduct as will justify reformation. *Cambridge Companies, Inc. v. Williams,* supra; *Ace Drug Marts, Inc. v. Sterling,* supra. Moreover, the fact that the reformation claimant's negligence contributed to the mistake or that he had access to knowledge equal to that of the other party will not preclude reformation when to deny it would permit him to suffer a wrong at the hands of the other party. *Ace Drug Marts, Inc. v. Sterling,* supra; *Warren v. Osborne,* supra.

The trial court's fact findings here furnish a basis, under the above-stated principles, for reformation as declared, and we do not find that such findings are based on insufficient evidence or are against the great weight and preponderance of the evidence.

The Hamberlins argue that the pleadings are not adequate to support the judgment. We disagree. In its answer and counterclaim the bank pleaded that the inclusion of Tracts 5–8 in the deed was a *mutual mistake;* Mr. Hamberlin was *well aware* that the sale did not include those tracts; the Hamberlins' acceptance and filing of the

erroneous deed was *willful* and *in bad faith;* their refusal to *reform* the deed to reflect the true agreement was a wrongful act; and to allow them to keep Tracts 5–8 would be *inequitable.* Its prayer, among other things, was that the deed be declared to be of no force or effect as to Tracts 5–8.

Pleadings are sufficient if they give fair notice of the facts on which the pleader bases his claim, and in the absence of special exceptions leveled against them, pleadings will be construed liberally in favor of the pleader. *Roark v. Allen,* 633 S.W.2d 804 (Tex.1982); *Stone v. Lawyers Title Ins. Corp.,* 554 S.W.2d 183 (Tex.1977); Tex.R. Civ.P. 45. The bank's pleadings were sufficient to give fair notice of a claim for reformation of the deed, based on mutual mistake, so that it would no longer be effective as to Tracts 5–8. Additionally, Mr. Dyer testified without objection that he was seeking reformation of the deed to delete the downtown Gilmer property, so the issue, at any rate, was tried by consent. Tex.R.Civ.P. 67.

For the reasons stated, the judgment of the trial court is affirmed.