Gary E. HILL, Appellant,

v.

SPENCER & SON, INC., Appellee.

No. 06–97–00096–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 20, 1998.

Decided July 21, 1998.

---

Troy A. Hornsby, Miller, James, Miller, Wyly, Hornsby, Texarkana, for appellant.

Jerry L. Davis, New Boston, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice

Gary Hill appeals from a judgment notwithstanding the verdict. Hill contracted with Spencer & Son, Inc. (Spencer) to cut trees on property belonging to him. The initial contract states that the term for removal was eighteen months, but the timber deed prepared by Spencer is one digit different and provides for a thirty-month term, a one-year change. The jury found that both parties intended to bind themselves to an eighteen-month term, that Spencer & Son failed to comply with the agreement, and the jury assessed damages at $4,500. The trial court found that there was no evidence to support the verdict and that because Hill admitted that he had read and executed the deed he was not entitled to judgment.

Hill contends that the trial court erred by overruling the jury verdict because the court misapplied the law of contracts to this case. Hill also contends in a cross-point that the jury's damage award is inadequate as a matter of law and that the evidence conclusively establishes damages of $31,454.

▇▇▇ On motion for judgment notwithstanding the verdict, all evidence must be considered by the trial court in the light most favorable to the jury verdict, every reasonable intendment deducible from the evidence must be indulged in favor of the verdict, and only evidence and inferences that support the jury finding should be considered. TEX.R. CIV. P. 301; *Dodd v. Texas Farm Prods. Co.*, 576 S.W.2d 812, 814–15 (Tex.1979); *CPS Int'l, Inc. v. Harris & Westmoreland*, 784 S.W.2d 538, 541 (Tex.App.-Texarkana 1990, no writ). If we decide that the j.n.o.v. was erroneous, we must reverse and enter judgment in harmony with the verdict, unless appellee has presented a cross-point sufficient to vitiate the jury's verdict. *Cain v. Pruett*, 938 S.W.2d 152 (Tex.App.-Dallas 1996, no writ).

The jury found that both parties intended to bind themselves to the eighteen-month term, that Spencer failed to act according to the terms of that eighteen-month agreement, and that Hill was entitled to recover damages of $4,500. Hill testified that he had sought bids for an eighteen-month term and that Spencer agreed to cut within eighteen months, as explicitly shown in the written offer and the written acceptance of that offer. The difference between bid and the contract consists of a change in a single digit from "5" to "6," being 1996 instead of 1995.

Spencer contends that the eighteen-month term was replaced by the contract (timber deed) which Spencer wrote, which clearly provides a term of thirty months, and which Hill signed. It is undisputed that Spencer cut trees after the eighteen-month period. It is also apparent that Hill did not sleep on his rights, for he sought and was denied an injunction to halt the cutting shortly after the eighteen-month term expired. There is extensive evidence from both Hill and Spencer about the amount and the value of timber cut after the eighteen months expired. The testimony of a lost opportunity to become part of a conservation program would support a damage award of $4,500 found by the jury. Accordingly, there is some evidence to support each aspect of the jury verdict.

The question remaining before this Court is whether, as a matter of law, Hill was not entitled to recover. The basic issue is whether the timber deed signed and executed by both parties, permitting Spencer to cut timber for thirty months instead of the previously agreed eighteen months, overrides the offer to sell and the acceptance of that offer. Spencer testified that he informed Hill by telephone that the necessary term was thirty months, that Hill neither acknowledged nor protested his statement, and that he wrote

the timber deed to reflect that change.[1] Hill testified that he had no memory of such a telephone conversation and that he did not agree to the term. He further testified that he had turned down an offer by another lumber company to purchase his timber for more money because that company requested a longer term.

The position in which this case was presented by Hill is that the written offer he made, when combined with explicit written acceptance of that offer by Spencer, constituted a contract between the parties. A timber deed was prepared by Spencer, but the terms of the deed varied from the original offer and acceptance by extending the right to the timber to November 23, 1996, instead of November 23, 1995. It is undisputed that Hill signed the second contract after reading it.

Although the term is never used by the court or the parties, the appellee's basic position seems to be that the concept of merger applies. Merger, with respect to the law of contracts and deeds, is the extinguishment of one document by its absorption into another document, and is largely a matter of intention of the parties. *Commercial Bank of Mason v. Satterwhite*, 413 S.W.2d 905, 909 (Tex.1967) (deed); *Salinas v. Beaudrie*, 960 S.W.2d 314 (Tex.App.-Corpus Christi 1997, no writ) (contract); *Turberville v. Upper Valley Farms, Inc.*, 616 S.W.2d 676 (Tex.Civ. App.-Corpus Christi 1981, no writ) (deed). Thus, the trial court appears to have determined that Hill agreed to the longer term as a matter of law and voided the jury's verdict. The doctrine of merger, however, does not bar claims of accident, fraud, or mistake. *Satterwhite*, 413 S.W.2d at 909.

This Court held in *Hamberlin v. Longview Bank and Trust Co.*, 770 S.W.2d 12, 14 (Tex.App.-Texarkana 1989, writ denied), that a party may secure reformation of a deed if he proves that he reached an agreement with the other party, but that because of a mutual mistake the deed did not reflect the true agreement.[2] In that respect, a unilateral mistake by one of the parties and knowledge of that mistake by the other party is equivalent to mutual mistake. *Davis v. Grammer*, 750 S.W.2d 766 (Tex.1988).[3] In *Hamberlin* we also recognized authority holding that a mistake by one party must be coupled with fraud or inequitable conduct by the other party to support reformation, but further recognized that knowledge of the mistake by one party and his failure to reveal it to the other party amounts to such inequitable conduct as will justify reformation. Further, the claimant's negligence will not preclude reformation when to deny it would permit him to suffer a wrong at the hands of the other party. *Hamberlin.*, 770 S.W.2d at 14; *Cambridge Companies, Inc. v. Williams*, 602 S.W.2d 306 (Tex.Civ.App.-Texarkana 1980), *aff'd* 615 S.W.2d 172 (Tex.1981).

Spencer & Son prepared a timber deed that Hill signed that contained the thirty-month term. Hill testified that he read the deed, but did not see the change from 1995 to 1996. The jury did not make an affirmative finding that Spencer & Son committed fraud, but a finding of fraud is not necessary in order to permit recovery under the precepts set out above. Spencer knew that the deed contained the thirty-month provision but failed to reveal that change to Hill, and Hill was not aware of the change from the eighteen-month provision in the original contract. In the present case, the jury found that the parties intended to bind themselves to an eighteen-month term. The trial court erred by granting a judgment notwithstanding the verdict.

Hill further contends that the jury's damage award is not in compliance with the evidence and that the evidence both from him and from Spencer & Son conclusively proves that damages of $18,000 were incurred based upon the improper removal of trees from the property after the ending of

---

1. Even if we accepted Spencer's version of events, he did not show an affirmative agreement by Hill to enter a different agreement. Silence does not equal agreement.

2. *Thalman v. Martin*, 635 S.W.2d 411 (Tex.1982).

3. *Spellman v. American Universal Inv. Co.*, 687 S.W.2d 27 (Tex.App.-Corpus Christi 1984, writ ref'd n.r.e.); *Cambridge Companies, Inc. v. Williams*, 602 S.W.2d 306 (Tex.Civ.App.-Texarkana 1980), *aff'd*, 615 S.W.2d 172 (Tex.1981).

the eighteen-month period. He asks this Court to determine that the evidence permitted only one conclusion and render the proper award. A reversal requires the rendering of a judgment unless a remand is necessary for further proceedings. TEX.R.APP. P. 43.3. In this context, we can render judgment if there was no evidence to support the award made and if the evidence conclusively establishes the amount of his loss. *See Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex.1990) (reversing and rendering judgment awarding the amount of attorney's fees that evidence at trial showed to be reasonable and uncontroverted); *Jones v. Wallingsford*, 921 S.W.2d 463, 464 (Tex.App.-Eastland 1996, no writ).

There is undisputed evidence that Hill lost $4,500 because he was unable to place his property in a government incentive program at the end of eighteen months because the land was not cleared. The deed allowed Hill to remove the timber during this time period, but it did not require that the timber be removed. Thus, a recovery for this amount would be improper, because Spencer had a right but not a duty to clear the property. Hill could not recover damages where no duty existed. Alternatively, if Hill is complaining that continued harvest of the timber interfered with the replanting, this would overlay his recovery for the late harvesting of the timber and would constitute double damages.

Spencer testified that Hill's estimate that he had removed $18,000 worth of timber during that time frame was accurate. When, as in this case, the timber deed provides a time limit for cutting, at the end of the time the purchaser's right to remove trees expires automatically. *Davis v. Haslam Lumber Co.*, 213 S.W.2d 771, 779 (Tex. Civ.App.-Beaumont 1948, writ ref'd n.r.e.). After the time expires, the purchaser has no further right to any timber not removed. *Houston Oil Co. v. Boykin*, 109 Tex. 276, 206 S.W. 815 (1918). Hill's damages consisted of the value of the timber removed after the contract term expired. A party's testimony which is contrary to his position is a quasi-admission. *Mendoza v. Fidelity & Guaranty Ins.*, 606 S.W.2d 692, 694 (Tex.1980). It is given conclusive effect and is treated as a judicial admission if (1) the declaration was made during a judicial proceeding, (2) the declaration is contrary to an essential fact embraced in the theory of recovery or defense asserted by the person giving the testimony, (3) the declaration is deliberate, clear, and unequivocal, (4) giving the declaration conclusive effect is consistent with the public policy upon which the rule is based, and (5) the statement is not also destructive of the opposing party's theory of recovery. *Id.; Griffin v. Superior Ins. Co.*, 161 Tex. 195, 338 S.W.2d 415, 419 (1960).

Spencer's testimony was made during trial, it is contrary to his position that no damages accrued, the testimony was clear and unequivocal, public policy is not violated by giving the testimony conclusive effect, and it does not destroy the plaintiff's theory of recovery. Spencer judicially admitted that he removed timber valued at $18,000 after the contract term expired. We reverse the judgment of the trial court and render judgment in favor of Hill, with damages in the amount of $18,000.