V00224.aa1



NUMBER 13-00-224-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


PAUL YIH CHENG LIU, Appellant,


v.


ROGER WEH-LIH YANG AND AMY HUI-MEI YANG, Appellees.

____________________________________________________________________


On appeal from the 92nd District Court of Hidalgo County, Texas.

____________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Castillo, and Amidei (1)

Opinion by Justice Hinojosa

This is an appeal from the trial court's order granting summary judgment in favor of appellees, Roger Weh-Lih Yang and
Amy Hui-Mei Yang. Because the order is not a final and appealable order, we dismiss for want of jurisdiction.

A. Background

Appellees and appellant, Paul Yih Cheng Liu, were shareholders in two corporations whose major assets were two Chinese
restaurants located in McAllen and Brownsville. Appellant and Mr. Yang had a longtime close business and personal
relationship. However, the relationship soured, and appellant wanted out of his business relationship with appellees.
Appellees agreed to purchase appellant's two shares in the McAllen restaurant business and three shares in the Brownsville
restaurant business. On November 12, 1992, the parties entered into a written "Agreement for Sale and Purchase of Stock."
Under its terms, appellees agreed to buy all of appellant's stock in the two corporations for a total purchase price of
$57,500; appellees were to (1) assume all liabilities on a note executed by appellant and held by Lone Star National Bank
with an outstanding balance of $47,739.96, and (2) pay appellant the remainder of the purchase price ($10,847.81) in cash.
It is undisputed that appellees complied with these terms.

Appellant asserts, however, that the parties made a collateral oral agreement that he would also receive a cash payment of
approximately $39,000, which was never tendered by appellees. On October 17, 1997, appellant filed suit against appellees
in the District Court of Hidalgo County, alleging causes of action for breach of contract, fraud and reformation of the
contract.

Appellees filed a traditional motion for summary judgment in which they asserted that they were "entitled to summary
judgment as a matter of law on all the plaintiff's causes of action." However, they did not in any way address appellant's
cause of action for reformation of the contract. Appellant filed a response, and appellees filed a reply, but they still did not
address the reformation cause of action. On January 7, 2000, the trial court signed the following "Order Granting
Defendants [sic] . . . Motion for Summary Judgment Against Paul Yih Cheng Liu:"

On this the 7th day of January, 2000, came on to be heard the Defendants [sic] ROGER WEN-LIH YANG and AMY
HUI-MEI YANG's Motion for Summary Judgment Against PAUL YIN CHENG LIU, and the Court having heard the
evidence, the arguments of counsel and examining the pleadings, is of the opinion that Defendants' Motion for Summary
Judgment should be GRANTED.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that Defendant ROGER WEN-LIH YANG and AMY
HUI-MEI YANG's Motion for Summary Judgement Against PAUL YIH CHENG LIU, heretofore filed and directed to
Plaintiff should be, and the same is hereby GRANTED in its entirety.

All relief requested and not expressly granted is hereby denied.

Appellant notes that the trial court's order contains no decretal language that "Plaintiff take nothing."

B. Finality of Order Granting Summary Judgment

Under Texas procedure, appeals are allowed only from final orders or judgments. Lehmann v. Har-Con Corp., 39 S.W.3d
191, 195 (Tex. 2001); Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992); North East Indep. Sch. Dist. v.
Aldridge, 400 S.W.2d 893, 895 (Tex. 1966); Cameron County v. Alvarado, 900 S.W.2d 874, 878 (Tex. App.--Corpus
Christi 1995, writ dism'd w.o.j.). The issue we must first address is whether an order granting summary judgment can be a
final and appealable order when one of the appellant's causes of action was not addressed by the appellees in the motion for
summary judgment.

A judgment is final if it disposes of all pending parties and claims in the record. Jack B. Anglin Co., 842 S.W.2d at 272;see
Clark v. Pimienta, No. 99-1131, 2001 Tex. LEXIS 36, *1 (April 26, 2001). The law does not require that a final judgment
be in any particular form; therefore, whether a decree is a final judgment must be determined from its language and the
record in the case. Lehmann, 39 S.W.3d at 195. A "Mother Hubbard" clause alone does not indicate that a judgment
rendered without a conventional trial is final for purposes of appeal. Guajardo v. Conwell, No. 00-1234, 2001 Tex. LEXIS
34, *4 (April 26, 2001); Clark, 2001 Tex. LEXIS at *1; Lehmann, 39 S.W.3d at 204. An order that adjudicates only the
plaintiff's claims against the defendant does not adjudicate a third-party claim. Lehmann, 39 S.W.3dat 205. An order that
disposes of claims by only one of multiple plaintiffs does not adjudicate claims by the other plaintiffs. Bobbitt v. Stran, No.
00-0774, 2001 Tex. LEXIS 30, *1 (April 26, 2001); Lehmann, 39 S.W.3d at 205. An order does not dispose of all claims
and all parties merely because it is entitled "final." Lehmann, 39 S.W.3d at 205. Rather, there must be some other clear
indication that the trial court intended the order to completely dispose of the entire case. Id. To determine whether an
order actually disposes of all pending claims and parties, the appellate court may look to the record in the case. Lehmann,
39 S.W.3d at 205-06.

C. Summary Judgment Law

When we review a traditional motion for summary judgment granted under Texas Rule of Civil Procedure 166a(c), we
must follow these well-established rules:

(1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as
a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the
nonmovant and any doubts must be resolved in favor of the nonmovant.

American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985); see Tex. R. Civ. P. 166a(c). A defendant's motion for summary judgment should be
granted if he disproves at least one essential element of each of the plaintiff's causes of action, or if he establishes all the
elements of an affirmative defense as a matter of law. Grinnell, 951 S.W.2d at 425; Science Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997); Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). A motion for
summary judgment must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds
alone. Science Spectrum, 941 S.W.2d at 912; Stiles v. Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993); McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993); see Tex. R. Civ. P. 166a(c). A summary judgment cannot
be affirmed on grounds not expressly set out in the motion. Stiles, 867 S.W.2d at 26. When the motion for summary
judgment clearly presents certain grounds but not others, a non-movant is not required to except. McConnell, 858 S.W.2d
at 342.

D. Reformation of a Contract

Reformation of a contract is a recognized cause of action in Texas. When there has been a mistake of one party,
accompanied by fraud or other inequitable conduct of the remaining party, the instrument may be made to conform to the
agreement or transaction entered into, according to the intention of the parties. Coronado Transmission Co. v. O'Shea, 703
S.W.2d 731, 735 (Tex. App.-Corpus Christi 1985, writ ref'd n.r.e.) (citing Conn v. Hagan, 93 Tex. 334, 55 S.W. 323 (Tex.
1900)); Cambridge Cos., Inc. v. Williams, 602 S.W.2d 306, 308 (Tex. Civ. App.-Texarkana 1980), aff'd, 615 S.W.2d 172
(Tex. 1981). In order to be entitled to reformation of an agreement, a party must plead either mutual mistake or unilateral
mistake accompanied by fraud or other inequitable conduct by the other party. Coronado, 703 S.W.2d at 735; Spellman v.
Amer. Universal Ins. Co., 687 S.W.2d 27, 31 (Tex. App.-Corpus Christi 1984, writ ref'd n.r.e.). 

E. Analysis

It is undisputed that appellees addressed appellant's causes of action for breach of contract and fraud, and that the trial court
granted summary judgment on those causes of action. However, appellants never mentioned the reformation cause of
action in their motion for summary judgment or in their reply. It is clear from the summary judgment case law cited above
that a motion for summary judgment must expressly present the grounds upon which it is made and must stand or fall on
these grounds alone. Science Spectrum, 941 S.W.2d at 912; Stiles, 867 S.W.2d at 26; McConnell, 858 S.W.2d at 341;
seeTex. R. Civ. P. 166a(c) (emphasis added).

A recent Texas Supreme Court case is instructive. In McNally v. Guevara, 44 Tex. Sup. Ct. J. 998, 2001 Tex. LEXIS 72
(June 28, 2001), McNally sued Guevara and Trevino for a declaration that a driveway easement he owned on their land
could be used for parking as well as access. Id. at *1. The defendants counterclaimed for a declaration that the easement
could be used only for access and for attorney's fees. Id. The defendants filed a motion for summary judgment only on the
issue of the proper use of the easement. Id. The trial court granted the defendants' motion and signed a document
captioned "Judgment" reciting (1) that the defendants' motion "should in all things be granted," (2) that they were entitled
as a matter of law to "prevail on their claims for relief under the Uniform Declaratory Judgments Act," (3) the parameters
of the easement, and (4) that all costs were taxed against McNally. The judgment did not refer to the defendants' claim for
attorney's fees. Id. at *1-*2.

The Texas Supreme Court disagreed with the defendants' claim that they had waived their claim for attorney's fees by not
presenting it in their motion and, relying on Lehmann, 39 S.W.2d at 191, held that:

[n]othing in the trial court's judgment suggests that it intended to deny the defendants' claim for attorney fees. The award
of costs, by itself does not make the judgment final. . . . Because the judgment does not appear final on its face, and
because it did not dispose of the defendants' claim for attorney fees, it was not a final and appealable judgment.

Id. at *2-*3 (citation omitted).

 Because appellees' motion for summary judgment did not expressly address appellant's cause of action for reformation, we
hold the trial court's order granting summary judgment is interlocutory and not a final and appealable order.

Accordingly, we dismiss this appeal for want of jurisdiction.



FEDERICO G. HINOJOSA

Justice

Publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

16th day of August, 2001.

1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).