NO. 07-06-0209-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 28, 2008

_____

SOUTH PLAINS LAMESA RAILROAD, LTD. AND
LARRY DALE WISENER, APPELLANTS

V.

THE KITTEN FAMILY LIVING TRUST AND
JERRY KITTEN, APPELLEES

_____

FROM THE 99TH DISTRICT COURT, LUBBOCK COUNTY;

NO. 2005-529,345; HONORABLE WILLIAM  C. SOWDER, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

By four issues, Appellants, South Plains Lamesa Railroad, Ltd. (SPLR) and Larry

Dale Wisener (Wisener), appeal the judgment of the trial court entered in favor of

Appellees, The Kitten Family Living Trust (the Trust) and Jerry Kitten (Kitten), contending

that the trial court erred in (1) granting summary judgment in favor of the Trust and Kitten (2 and 3) denying summary judgment in favor of SPLR and Wisener, and (4) awarding attorney's fees to the Trust and Kitten. We affirm in part and reverse and remand in part.

Background

SPLR owns a railroad right-of-way in Lubbock County, generally running southwest from Slaton, Texas. On February 6, 1998, SPLR entered into a contract, entitled *Lease* (hereinafter the lease agreement), with the Trust, for the purpose of allowing the Trust to produce water from the railroad right-of-way. The lease agreement provided for the drilling of "a water well" on the property. Eleven days later, on February 17, 1998, SPLR and the Trust entered into a second contract, entitled *Water Well and Pipeline Easement* (hereinafter the easement agreement)*,* pertaining to the same property.[1] In addition to granting the Trust a right of first refusal to purchase the property in the event SPLR should abandon the rail line, the easement agreement contained language that gave the Trust an

[1]Although the parties agree that the two agreements pertain to the same property, the legal description of the property, as contained on the face of each agreement, is substantially different. The lease agreement describes the property as "the land (hereinafter called "Premises), situated near Slaton, Lubbock County, Texas as described or shown on the map hereto attached, dated February 5, 1998, marked Exhibit "A." There is attached to the lease agreement a map or plat designated Exhibit "A." The easement agreement describes the property as "[a] tract of land situated within the SE/4 of Section 23, Block 24, HE&WT Railway Co. Survey, Lubbock County, Texas," and then describes the easement as extending "from the East section line of Section 23, Block 24, identified by a caliche roadway, thence Southward parallel to the existing railroad tracks into Section 6, Block 0, D & W Survey to a point 100 feet South of the South section line of Section 23, Block 24, HE&WT Railway Co. Survey," without attaching the map or plat identified in the lease agreement.

2

easement for the purpose of drilling "water wells" on the property. After the Trust drilled more than one well on the property, a dispute arose between SPLR and the Trust concerning the interpretation and interrelation of these two contracts, resulting in this litigation.

The Trust and Kitten brought suit and sought a Temporary Restraining Order to prohibit SPLR and Wisener from interfering with their production of water from the land in question. After the entry of a Temporary Injunction, both parties filed motions for summary judgment. On April 20, 2006, the trial court entered a judgment granting the motion for summary judgment filed by the Trust and Kitten, and denying the motion for summary judgment filed by SPLR and Wisener. The judgment further enjoined SPLR and Wisener from interfering with the Trust and Kitten's use of irrigation wells and a water line located on the property and awarded the Trust recovery of attorney's fees. SPLR and Wisener perfected this appeal.

<u>Issues Presented</u>

SPLR and Wisener contend that the lease agreement and the easement agreement, when construed together, are ambiguous, that summary judgment in favor of the Trust and Kitten should be set aside (including the award of attorney's fees), and that a trial should determine the intent of the parties. Alternatively, SPLR and Wisener contend the lease agreement sets forth the existing agreement between the parties pertaining to the extraction of water, and that the agreement has been breached. They further contend

3

the easement agreement pertains to the Trust's right of ingress and egress, and right of first refusal, and that the easement has lapsed because the original lease was properly terminated. The Trust and Kitten contend the doctrine of merger operates to allow the easement agreement to supersede the lease agreement. The Trust and Kitten further contend that because the lease agreement has been superseded by the easement agreement, the trial court correctly construed the easement agreement as an unambiguous document supporting the trial court's granting of summary judgment in favor of the Trust and Kitten.

### Standard of Review

In reviewing a summary judgment, this Court must apply well-established standards which are: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985).

For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). Once the movant has established

4

a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Barbouti v. Hearst Corp.*, 927 S.W.2d 37, 64 (Tex.App.–Houston [1st Dist.] 1996, writ denied). When both parties move for summary judgment, the reviewing court should render the judgment the trial court should have rendered. *Dow Chemical Co. v. Bright*, 89 S.W.3d 602, 605 (Tex. 2002).

## Doctrine of Merger

With respect to the law of contracts, merger refers to the extinguishment of one contract by its absorption into another contract and is largely a matter of intention of the parties. *Commercial Bank of Mason v. Satterwhite,* 413 S.W.2d 905, 909 (Tex. 1967); *Hill v. Spencer & Son, Inc.,* 973 S.W.2d 772, 775 (Tex.App.–Texarkana 1998, no pet.). As a general principle, when two contracts are entered into by the same parties, covering the same subject matter, but containing terms which are so inconsistent that the terms of the two contracts cannot subsist together, the legal effect of the subsequent contract is to rescind the earlier contract. *Willeke v. Baylor,* 144. Tex. 157*,* 189 S.W.2d 477, 479 (1945). The subsequent contract then becomes a substitute for the earlier contract and is the only agreement between the parties upon that subject. A prior agreement is not, however, superseded or invalidated by a subsequent agreement relating to the same subject matter if the first agreement is one that might naturally be made as a separate agreement or where the first agreement is not fully integrated into the second agreement

5

and merely modifies the first agreement in some respect. *Hubacek v. Ennis State Bank,* 159 Tex. 166, 317 S.W.2d 30, 32 (1958); *Boy Scouts of America v. Responsive Terminal Systems, Inc,,* 790 S.W.2d 738, 745 (Tex.App.–Dallas 1990, writ denied). Whether one contract executed in a series of contracts is intended by the parties to become the sole agreement of the parties presents a question of fact under the doctrine of merger. *Sarte v. Dommert,* 184 S.W.3d 893, 899 (Tex.App.–Beaumont 2006, no pet.).

Merger is largely a matter of intention of the parties. *Smith v. Smith,* 794 S.W.2d 823, 827-28 (Tex.App.–Dallas 1990, no writ). Merger is inapplicable when the parties manifest an intent to have any of the original contract's provisions survive. An agreement that merges an original contract into a new contract is an agreement that is accepted in satisfaction of the original contract and thereby completely discharges it.

## Ambiguity

Deciding whether a contract is ambiguous is a question of law for the court to determine. *J. M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). Multiple contracts pertaining to the same transaction, executed by the same parties, at the same time or contemporaneously with one another, may be construed as if they were part of a single unified instrument, even if the contracts do not expressly refer to each other. *Fort Worth Independent School Dist. v. City of Fort Worth,* 22 S.W.3d 831, 840 (Tex. 2000). To determine whether the multiple contracts, when construed together, are ambiguous, a court must examine and consider the entire agreement in an effort to harmonize and give

6

effect to all the provisions of the contract so that none of the provisions will be rendered meaningless. *J. M. Davidson, Inc.,* 128 S.W.3d at 229. Upon analysis, a contract is unambiguous if it can be given a definite and certain legal meaning. *Id.* On the other hand, if the agreement between the parties is subject to two or more reasonable interpretations, after applying pertinent rules of construction, the contract is ambiguous, creating a fact issue concerning the intent of the parties. *Id.*

## Analysis

The easement agreement did not contain a merger clause expressly merging the lease agreement into the easement agreement. The easement agreement included specific provisions pertaining to the Trust's right of first refusal to purchase the property in the event SPLR should abandon the railway which were not mentioned in the lease agreement. A right of first refusal is an agreement that might naturally be made as a separate agreement in the context of leased property. Furthermore, the lease agreement is not fully integrated into the easement agreement and the easement agreement merely modifies the lease agreement in some respects. Because the easement agreement did not expressly discharge the terms of the lease agreement (e.g., the Trust continued to pay rent according to the terms of the lease agreement), and because the easement agreement did not encompass the entire agreement of the parties, we find that the doctrine of merger is inapposite. Accordingly, we find the lease agreement was not merged into the

7

easement agreement. Because the two agreements pertained to the same property[2] and to the same subject matter (i.e., the Trust's right to extract water from the property in controversy), to the extent that the two contracts contained inconsistent terms, we find that the two agreements, when construed together, created an ambiguity. The ambiguity created a fact question as to the intent of the parties, and the existence of a fact question precludes the granting of a summary judgment. Therefore, the trial court correctly denied summary judgment in favor of SPLR and Wisener, but erred in granting summary judgment in favor of the Trust and Kitten.

## Conclusion

Issues one and four are sustained, and issues two and three are overruled. Accordingly, we affirm that portion of the judgment of the trial court as to the denial of the motion for summary judgment of South Plains Lamesa Railroad, Ltd. and Larry Dale Wisener; we reverse that portion of the judgment of the trial court granting the motion for summary judgment of the Kitten Family Living Trust and Jerry Kitten, and awarding attorney's fees, and remand this cause to the trial court for further proceedings consistent with this opinion.

Patrick A. Pirtle
Justice

---

[2]Construing the lease agreement together with the easement agreement, you have an accurate and clear description of the property conveyed. *See* fn 1.

8