NO. 07-06-0209-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 28, 2008

______________________________


SOUTH PLAINS LAMESA RAILROAD, LTD. AND 
LARRY DALE WISENER, APPELLANTS

V. 

THE KITTEN FAMILY LIVING TRUST AND 
JERRY KITTEN, APPELLEES

_________________________________

FROM THE 99TH DISTRICT COURT, LUBBOCK COUNTY;

NO. 2005-529,345; HONORABLE WILLIAM C. SOWDER, JUDGE

_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


MEMORANDUM OPINION


           By four issues, Appellants, South Plains Lamesa Railroad, Ltd. (SPLR) and Larry
Dale Wisener (Wisener), appeal the judgment of the trial court entered in favor of 
Appellees, The Kitten Family Living Trust (the Trust) and Jerry Kitten (Kitten), contending
that the trial court erred in (1) granting summary judgment in favor of the Trust and Kitten
(2 and 3) denying summary judgment in favor of SPLR and Wisener, and (4) awarding
attorney’s fees to the Trust and Kitten. We affirm in part and reverse and remand in part.
 Background
          SPLR owns a railroad right-of-way in Lubbock County, generally running southwest
from Slaton, Texas. On February 6, 1998, SPLR entered into a contract, entitled Lease
(hereinafter the lease agreement), with the Trust, for the purpose of allowing the Trust to
produce water from the railroad right-of-way. The lease agreement provided for the drilling
of “a water well” on the property. Eleven days later, on February 17, 1998, SPLR and the
Trust entered into a second contract, entitled Water Well and Pipeline Easement
(hereinafter the easement agreement), pertaining to the same property.


 In addition to
granting the Trust a right of first refusal to purchase the property in the event SPLR should
abandon the rail line, the easement agreement contained language that gave the Trust an
easement for the purpose of drilling “water wells” on the property. After the Trust drilled
more than one well on the property, a dispute arose between SPLR and the Trust
concerning the interpretation and interrelation of these two contracts, resulting in this
litigation.
          The Trust and Kitten brought suit and sought a Temporary Restraining Order to
prohibit SPLR and Wisener from interfering with their production of water from the land in
question. After the entry of a Temporary Injunction, both parties filed motions for summary
judgment. On April 20, 2006, the trial court entered a judgment granting the motion for
summary judgment filed by the Trust and Kitten, and denying the motion for summary
judgment filed by SPLR and Wisener. The judgment further enjoined SPLR and Wisener
from interfering with the Trust and Kitten’s use of irrigation wells and a water line located
on the property and awarded the Trust recovery of attorney’s fees. SPLR and Wisener
perfected this appeal.
Issues Presented
          SPLR and Wisener contend that the lease agreement and the easement
agreement, when construed together, are ambiguous, that summary judgment in favor of
the Trust and Kitten should be set aside (including the award of attorney’s fees), and that
a trial should determine the intent of the parties. Alternatively, SPLR and Wisener contend 
the lease agreement sets forth the existing agreement between the parties pertaining to
the extraction of water, and that the agreement has been breached. They further contend
the easement agreement pertains to the Trust’s right of ingress and egress, and right of
first refusal, and that the easement has lapsed because the original lease was properly
terminated. The Trust and Kitten contend the doctrine of merger operates to allow the
easement agreement to supersede the lease agreement. The Trust and Kitten further
contend that because the lease agreement has been superseded by the easement
agreement, the trial court correctly construed the easement agreement as an unambiguous
document supporting the trial court’s granting of summary judgment in favor of the Trust
and Kitten. 
Standard of Review
          In reviewing a summary judgment, this Court must apply well-established standards
which are: (1) the movant for summary judgment has the burden of showing that there is
no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) 
in deciding whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the non-movant will be taken as true; and (3) every reasonable
inference must be indulged in favor of the non-movant and any doubts resolved in its favor. 
Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Nixon v. Mr. Prop. Mgmt.
Co., 690 S.W.2d 546, 548-49 (Tex. 1985).
          For a party to prevail on a motion for summary judgment, he must conclusively
establish the absence of any genuine question of material fact and that he is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c). Once the movant has established
a right to summary judgment, the non-movant has the burden to respond to the motion for
summary judgment and present to the trial court any issues that would preclude summary
judgment. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979);
Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.–Houston [1st Dist.] 1996, writ
denied). When both parties move for summary judgment, the reviewing court should
render the judgment the trial court should have rendered. Dow Chemical Co. v. Bright, 89
S.W.3d 602, 605 (Tex. 2002). 
Doctrine of Merger
          With respect to the law of contracts, merger refers to the extinguishment of one
contract by its absorption into another contract and is largely a matter of intention of the
parties. Commercial Bank of Mason v. Satterwhite, 413 S.W.2d 905, 909 (Tex. 1967); Hill
v. Spencer & Son, Inc., 973 S.W.2d 772, 775 (Tex.App.–Texarkana 1998, no pet.). As a
general principle, when two contracts are entered into by the same parties, covering the
same subject matter, but containing terms which are so inconsistent that the terms of the
two contracts cannot subsist together, the legal effect of the subsequent contract is to
rescind the earlier contract. Willeke v. Baylor, 144. Tex. 157, 189 S.W.2d 477, 479
(1945). The subsequent contract then becomes a substitute for the earlier contract and
is the only agreement between the parties upon that subject. A prior agreement is not,
however, superseded or invalidated by a subsequent agreement relating to the same
subject matter if the first agreement is one that might naturally be made as a separate
agreement or where the first agreement is not fully integrated into the second agreement
and merely modifies the first agreement in some respect. Hubacek v. Ennis State Bank,
159 Tex. 166, 317 S.W.2d 30, 32 (1958); Boy Scouts of America v. Responsive Terminal
Systems, Inc,, 790 S.W.2d 738, 745 (Tex.App.–Dallas 1990, writ denied). Whether one
contract executed in a series of contracts is intended by the parties to become the sole
agreement of the parties presents a question of fact under the doctrine of merger. Sarte
v. Dommert, 184 S.W.3d 893, 899 (Tex.App.–Beaumont 2006, no pet.).
          Merger is largely a matter of intention of the parties. Smith v. Smith, 794 S.W.2d
823, 827-28 (Tex.App.–Dallas 1990, no writ). Merger is inapplicable when the parties
manifest an intent to have any of the original contract’s provisions survive. An agreement
that merges an original contract into a new contract is an agreement that is accepted in
satisfaction of the original contract and thereby completely discharges it.
Ambiguity
          Deciding whether a contract is ambiguous is a question of law for the court to
determine. J. M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 229 (Tex. 2003). Multiple
contracts pertaining to the same transaction, executed by the same parties, at the same
time or contemporaneously with one another, may be construed as if they were part of a
single unified instrument, even if the contracts do not expressly refer to each other. Fort
Worth Independent School Dist. v. City of Fort Worth, 22 S.W.3d 831, 840 (Tex. 2000). 
To determine whether the multiple contracts, when construed together, are ambiguous, a
court must examine and consider the entire agreement in an effort to harmonize and give
effect to all the provisions of the contract so that none of the provisions will be rendered
meaningless. J. M. Davidson, Inc., 128 S.W.3d at 229. Upon analysis, a contract is
unambiguous if it can be given a definite and certain legal meaning. Id. On the other
hand, if the agreement between the parties is subject to two or more reasonable
interpretations, after applying pertinent rules of construction, the contract is ambiguous,
creating a fact issue concerning the intent of the parties. Id. 
Analysis
          The easement agreement did not contain a merger clause expressly merging the
lease agreement into the easement agreement. The easement agreement included
specific provisions pertaining to the Trust’s right of first refusal to purchase the property in
the event SPLR should abandon the railway which were not mentioned in the lease
agreement. A right of first refusal is an agreement that might naturally be made as a
separate agreement in the context of leased property. Furthermore, the lease agreement
is not fully integrated into the easement agreement and the easement agreement merely
modifies the lease agreement in some respects. Because the easement agreement did
not expressly discharge the terms of the lease agreement (e.g., the Trust continued to pay
rent according to the terms of the lease agreement), and because the easement
agreement did not encompass the entire agreement of the parties, we find that the doctrine
of merger is inapposite. Accordingly, we find the lease agreement was not merged into the
easement agreement. Because the two agreements pertained to the same property


 and
to the same subject matter (i.e., the Trust’s right to extract water from the property in
controversy), to the extent that the two contracts contained inconsistent terms, we find that
the two agreements, when construed together, created an ambiguity. The ambiguity
created a fact question as to the intent of the parties, and the existence of a fact question
precludes the granting of a summary judgment. Therefore, the trial court correctly denied
summary judgment in favor of SPLR and Wisener, but erred in granting summary judgment
in favor of the Trust and Kitten.
Conclusion
           Issues one and four are sustained, and issues two and three are overruled. 
Accordingly, we affirm that portion of the judgment of the trial court as to the denial of the
motion for summary judgment of South Plains Lamesa Railroad, Ltd. and Larry Dale
Wisener; we reverse that portion of the judgment of the trial court granting the motion for
summary judgment of the Kitten Family Living Trust and Jerry Kitten, and awarding
attorney’s fees, and remand this cause to the trial court for further proceedings consistent
with this opinion.


                                                                           Patrick A. Pirtle

                                                                                Justice