**Michael L. CLARK, Petitioner,**

v.

**Hugo E. PIMIENTA, et al., Respondents.**

No. 99–1131.

Supreme Court of Texas.

April 26, 2001.

24.   207 F.3d at 217.

25.   998 S.W.2d 374, 375 (Tex.App.—Houston [1st Dist.] 1999).

486

Helen A. Cassidy, Holman Law Firm, Houston, for Petitioner.

Bryan Coleman, Houston, J. Martin Green, Green & Green, Beaumont, Emil Lippe, Jr., Law Office of Lippe & Associates, Dallas, James L. Reed, Looper Reed Mark & McGraw, Houston, for Respondents.

PER CURIAM.

Petitioner sued numerous defendants on various claims. Two groups of defendants filed motions for summary judgment. The trial court granted one motion with an order that was undisputedly interlocutory. About six months later, the trial court granted the other motion with an order captioned "Partial Summary Judgment", but which contained a "Mother Hubbard" clause—"All relief not expressly granted herein is denied." Two and one-half years later, a third group of defendants filed what they called a "final motion" for summary judgment, and the trial court grant-

ed that motion as well. The last order decreed that "Plaintiff takes nothing by way of this suit." Petitioner timely perfected his appeal from the third order, but the court of appeals dismissed the appeal for want of jurisdiction, holding that the second order was a final judgment because of its "Mother Hubbard" clause. The second order did not expressly dispose of all the claims and parties in the case, nor was its intent to do so unmistakable. On the contrary, the order appears on its face to have been interlocutory. The court of appeals' conclusion conflicts directly with our holding in *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191 (Tex.2000). Accordingly, without hearing oral argument, TEX.R.APP. P. 59.1, we reverse the judgment of the court of appeals and remand the case to that court for consideration of the merits.