Paul Yih Cheng LIU, Appellant,

v.

Roger Weh–Lih YANG and Amy Hui–Mei Yang, Appellees.

No. 13–00–224–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 16, 2001.

Jose David Garcia, Keith C. Livesay, McAllen, for appellant.

Robert L. Galligan, Jones, Galligan, Key & Lozano, Weslaco, for appellee.

Before Justices HINOJOSA, CASTILLO, and AMIDEI.[1]

## OPINION

FEDERICO G. HINOJOSA, Justice.

This is an appeal from the trial court's order granting summary judgment in favor of appellees, Roger Weh–Lih Yang and Amy Hui–Mei Yang. Because the order is not a final and appealable order, we dismiss for want of jurisdiction.

### A. BACKGROUND

Appellees and appellant, Paul Yih Cheng Liu, were shareholders in two corporations whose major assets were two Chinese restaurants located in McAllen and Brownsville. Appellant and Mr. Yang had a longtime close business and personal relationship. However, the relationship soured, and appellant wanted out of his business relationship with appellees. Appellees agreed to purchase appellant's two shares in the McAllen restaurant business and three shares in the Brownsville res-

---

1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

taurant business. On November 12, 1992, the parties entered into a written "Agreement for Sale and Purchase of Stock." Under its terms, appellees agreed to buy all of appellant's stock in the two corporations for a total purchase price of $57,500; appellees were to (1) assume all liabilities on a note executed by appellant and held by Lone Star National Bank with an outstanding balance of $47,739.96, and (2) pay appellant the remainder of the purchase price ($10,847.81) in cash. It is undisputed that appellees complied with these terms.

Appellant asserts, however, that the parties made a collateral oral agreement that he would also receive a cash payment of approximately $39,000, which was never tendered by appellees. On October 17, 1997, appellant filed suit against appellees in the District Court of Hidalgo County, alleging causes of action for breach of contract, fraud and reformation of the contract.

Appellees filed a traditional motion for summary judgment in which they asserted that they were "entitled to summary judgment as a matter of law on all the plaintiff's causes of action." However, they did not in any way address appellant's cause of action for reformation of the contract. Appellant filed a response, and appellees filed a reply, but they still did not address the reformation cause of action.

On January 7, 2000, the trial court signed the following "Order Granting Defendants [sic] ... Motion for Summary Judgment Against Paul Yih Cheng Liu:"

On this the 7th day of January, 2000, came on to be heard the Defendants [sic] ROGER WEN–LIH YANG and AMY HUI–MEI YANG's Motion for Summary Judgment Against PAUL YIN CHENG LIU, and the Court having heard the evidence, the arguments of counsel and examining the pleadings, is of the opinion that Defendants' Motion for Summary Judgment should be GRANTED.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that Defendant ROGER WEN–LIH YANG and AMY HUI–MEI YANG's Motion for Summary Judgement Against PAUL YIH CHENG LIU, heretofore filed and directed to Plaintiff should be, and the same is hereby GRANTED in its entirety.

All relief requested and not expressly granted is hereby denied.

Appellant notes that the trial court's order contains no decretal language that "Plaintiff take nothing."

### B. FINALITY OF ORDER GRANTING SUMMARY JUDGMENT

■ Under Texas procedure, appeals are allowed only from final orders or judgments. *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001); *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex. 1992); *North East Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966); *Cameron County v. Alvarado,* 900 S.W.2d 874, 878 (Tex.App.—Corpus Christi 1995, writ dism'd w.o.j.). The issue we must first address is whether an order granting summary judgment can be a final and appealable order when one of the appellant's causes of action was not addressed by the appellees in the motion for summary judgment.

■ A judgment is final if it disposes of all pending parties and claims in the record. *Jack B. Anglin Co.,* 842 S.W.2d at 272; *see Clark v. Pimienta,* 47 S.W.3d 485, 486 (Tex.2001). The law does not require that a final judgment be in any particular form; therefore, whether a decree is a final judgment must be determined from its language and the record in the case.

*Lehmann,* 39 S.W.3d at 195. A "Mother Hubbard" clause alone does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal. *Guajardo v. Conwell,* 46 S.W.3d 862, 863–64 (Tex.2001); *Clark,* 47 S.W.3d at 486; *Lehmann,* 39 S.W.3d at 204. An order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a third-party claim. *Lehmann,* 39 S.W.3d at 205. An order that disposes of claims by only one of multiple plaintiffs does not adjudicate claims by the other plaintiffs. *Bobbitt v. Stran,* 52 S.W.3d 734, 735 (Tex.2001); *Lehmann,* 39 S.W.3d at 205. An order does not dispose of all claims and all parties merely because it is entitled "final." *Lehmann,* 39 S.W.3d at 205. Rather, there must be some other clear indication that the trial court intended the order to completely dispose of the entire case. *Id.* To determine whether an order actually disposes of all pending claims and parties, the appellate court may look to the record in the case. *Lehmann,* 39 S.W.3d at 205–06.

### C. SUMMARY JUDGMENT LAW

When we review a traditional motion for summary judgment granted under Texas Rule of Civil Procedure 166a(c), we must follow these well-established rules:

> (1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant.

*American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *see* TEX. R.CIV.P. 166a(c). A defendant's motion for summary judgment should be granted if he disproves at least one essential element of each of the plaintiff's causes of action, or if he establishes all the elements of an affirmative defense as a matter of law. *Grinnell,* 951 S.W.2d at 425; *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997); *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex. 1995). A motion for summary judgment must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds alone. *Science Spectrum,* 941 S.W.2d at 912; *Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex. 1993); *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993); *see* TEX.R.CIV.P. 166a(c). A summary judgment cannot be affirmed on grounds not expressly set out in the motion. *Stiles,* 867 S.W.2d at 26. When the motion for summary judgment clearly presents certain grounds but not others, a non-movant is not required to except. *McConnell,* 858 S.W.2d at 342.

### D. REFORMATION OF A CONTRACT

Reformation of a contract is a recognized cause of action in Texas. When there has been a mistake of one party, accompanied by fraud or other inequitable conduct of the remaining party, the instrument may be made to conform to the agreement or transaction entered into, according to the intention of the parties. *Coronado Transmission Co. v. O'Shea,* 703 S.W.2d 731, 735 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.) (citing *Conn v. Hagan,* 93 Tex. 334, 55 S.W. 323 (Tex. 1900)); *Cambridge Cos., Inc. v. Williams,* 602 S.W.2d 306, 308 (Tex.Civ.App.—Texarkana 1980), *aff'd,* 615 S.W.2d 172 (Tex.

1981). In order to be entitled to reformation of an agreement, a party must plead either mutual mistake or unilateral mistake accompanied by fraud or other inequitable conduct by the other party. *Coronado*, 703 S.W.2d at 735; *Spellman v. Amer. Universal Inv. Co.*, 687 S.W.2d 27, 31 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.).

### E. ANALYSIS

 It is undisputed that appellees addressed appellant's causes of action for breach of contract and fraud, and that the trial court granted summary judgment on those causes of action. However, appellants never mentioned the reformation cause of action in their motion for summary judgment or in their reply. It is clear from the summary judgment case law cited above that a motion for summary judgment must *expressly* present the grounds upon which it is made and must stand or fall on these grounds alone. *Science Spectrum*, 941 S.W.2d at 912; *Stiles*, 867 S.W.2d at 26; *McConnell*, 858 S.W.2d at 341; *see* TEX.R.CIV.P. 166a(c) (emphasis added).

A recent Texas Supreme Court case is instructive. In *McNally v. Guevara*, 52 S.W.3d 195 (Tex.2001), McNally sued Guevara and Trevino for a declaration that a driveway easement he owned on their land could be used for parking as well as access. *Id.*, at 195–96. The defendants counterclaimed for a declaration that the easement could be used only for access and for attorney's fees. *Id.* The defendants filed a motion for summary judgment only on the issue of the proper use of the easement. *Id.* The trial court granted the defendants' motion and signed a document captioned "Judgment" reciting (1) that the defendants' motion "should in all things be granted," (2) that they were entitled as a matter of law to "prevail on their claims

for relief under the Uniform Declaratory Judgments Act," (3) the parameters of the easement, and (4) that all costs were taxed against McNally. The judgment did not refer to the defendants' claim for attorney's fees. *Id.* at 195–96.

The Texas Supreme Court disagreed with the defendants' claim that they had waived their claim for attorney's fees by not presenting it in their motion and, relying on *Lehmann*, 39 S.W.3d at 191, held that:

> [n]othing in the trial court's judgment suggests that it intended to deny the defendants' claim for attorney fees. The award of costs, by itself does not make the judgment final.... Because the judgment does not appear final on its face, and because it did not dispose of the defendants' claim for attorney fees, it was not a final and appealable judgment.

*Id.* at 196 (citation omitted).

Because appellees' motion for summary judgment did not expressly address appellant's cause of action for reformation, we hold the trial court's order granting summary judgment is interlocutory and not a final and appealable order.

Accordingly, we dismiss this appeal for want of jurisdiction.