NUMBER 13-00-064-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


JOSE A. ORTEGA AND RENE ORTEGA AS INDIVIDUALS

AND D/B/A ORTEGA FARMS, A PARTNERSHIP , Appellants,

v.



CITY NATIONAL BANK , Appellee.

___________________________________________________________________


On appeal from the 206th District Court

of Hidalgo County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Castillo, and Amidei (1)

Opinion by Justice Castillo

Jose and Rene Ortega ("the Ortegas") (2) sought financing for their farming operations from City National Bank ("the
Bank"). When the bank refused to extend a line of credit over and above that already extended, the farmers sued. The
summary judgment from which this appeal arises granted a take-nothing judgment against appellants and judgment in favor
of the Bank on its counterclaim for judicial foreclosure of its security interest on each of three notes. The summary
judgment awarded the Bank liquidated damages in the amount of $302,637.78. Because the summary judgment is
interlocutory, we dismiss the appeal for want of jurisdiction.

Procedural Background

On March 26, 1999, the Bank filed a motion for summary judgment against claims alleged in the Ortegas' first amended
petition. The Ortegas subsequently amended their petition, filing "Plaintiff's Third Amended Petition for Breach of Express
Contract and Fraud." (3) The Bank then filed another motion for summary judgment on May 3, 1999, noting that new causes
of action had been filed but suggesting that the trial court grant a partial summary judgment on the issues previously raised
in the Ortegas' prior petition. The Ortegas filed a response alleging that the existing motion for summary judgment was
inapplicable to the pleadings before the court and should therefore be denied in whole. In response, on July 29, 1999, the
Bank filed a supplemental motion for summary judgment, seeking a summary judgment on both traditional and "no
evidence" grounds against all the claims alleged in the Ortegas' third amended original petition in which the Ortegas pled
for recovery as a third party beneficiary of the contract between the Bank and the Farm Service Agency (4), negligence,
breach of the duty of good faith and fair dealing, and fraud. 

On August 6, 1999, prior to the submission date for the supplemental motion for summary judgment, the Ortegas once
again amended their petition and added an additional cause of action for civil conspiracy. (5) In their August 16th response
to the Bank's pending motion, the Ortegas provided notice that they had filed an amended petition and specially excepted to
the supplemental motion for summary judgment on the grounds that "therefore the Defendant's motion is inapplicable with
regard to those theories which are insufficiently described by the defendant." In the subsequent paragraph of the response,
the Ortegas provided notice of the newly alleged civil conspiracy cause of action. The Bank filed a reply to the Ortegas'
response but did not address the issue of the new cause of action or file any additional supplemental motions for summary judgment.
The Trial Court's Findings

In the summary judgment order, the trial court acknowledged the fourth amended original petition, finding that it "included
essentially the same allegations as in their third amended petition." The trial court further found that the Bank's
supplemental summary judgment motion "addressed all of plaintiffs' affirmative claims for relief appearing in their fourth
amended petition."

Jurisdiction

Before we reach the merits of this case, we must first determine whether we have jurisdiction over this appeal. Texas Ass'n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). Because the question of jurisdiction is a legal question,
we follow the de novo standard of review. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Jurisdiction
of a court is never presumed and, if the record does not affirmatively demonstrate the appellate court's jurisdiction, the
appeal must be dismissed. El-Kareh v. Tex. Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194 (Tex. App. - Houston
[14thDist.] 1994, no writ). As appeals are only allowed from final orders or judgments, we must first consider whether an
order purporting to grant a summary judgment can be final and appealable when one of the appellants' causes of actions
was not addressed by the appellee in the motion for summary judgment. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001); Liu v. Yang, 13-00-224-CV, 2001 Tex. App. LEXIS 5613, *4 (Tex. App. - Corpus Christi, August 16, 2001,
no pet. h.).

We have recently decided this question in the negative, stating that

A motion for summary judgment must itself expressly present the grounds upon which it is made, and must stand or fall on
these grounds alone. A summary judgment cannot be affirmed on grounds not expressly set out in the motion. When the
motion for summary judgment clearly presents certain grounds but not others, a non-movant is not required to except.
(Citations omitted).

Liu, 2001 Tex. App. LEXIS 5613, at *7-*8.

 In the present case, the non-movants did in fact expressly except in their response, noting that the fourth amended
petition had been filed and thus the motion for summary judgment was inapplicable for those grounds not sufficiently
described therein. Summary judgment may not be rendered against a claim for which summary judgment has not expressly
been pled. See Id. at *8-*10. Contrary to the trial court's pronouncement, civil conspiracy is a recognized cause of action
with elements distinct from the grounds alleged in the Ortegas' third amended original petition. See Massey v. Armco Steel
Co., 652 S.W.2d 932, 934 (Tex. 1983). Even if the trial court believed that the Ortegas' pleadings failed to properly state a
cause of action under civil conspiracy separate from the other grounds alleged in the third amended petition, summary
judgment still would not have been proper in reference to the civil conspiracy claim. Id. (whether pleadings fail to state a
cause of action may not be resolved by summary judgment but rather are the proper subject for the protective features of the
special exceptions procedure). The Bank never requested summary judgment against the civil conspiracy cause of action in
any of its pleadings. We decline to find, as the trial court did, that the Bank's supplemental summary judgment motion,
filed eight days before the filing of the Ortegas' fourth amended petition, could have sufficed to have requested relief
against a cause of action which had not yet been pled.

Conclusion

 We have reviewed the record and find that, at the time the trial court entered the final summary judgment, the Ortegas'
cause of civil conspiracy remained as an unadjudicated cause of action. The summary judgment is therefore not a final
appealable judgment. We have no jurisdiction over an interlocutory judgment. See Liu, 2001 Tex. App. LEXIS 5613 at*10.
We dismiss the appeal for want of jurisdiction. 

ERRLINDA CASTILLO

Justice

Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 31st day of August, 2001.

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998). 

2. Below, the Ortegas sued individually and d/b/a Ortega Farms, A Partnership.

3. There is no mention of a second amended petition having been filed by the Ortegas in either parties' briefs and such a
petition does not appear in the record before us. 

4. Known at the time of the contract as the Farmer's Home Administration, or FmHA, the Farm Service Agency is a federal
governmental agency which administers numerous federal farm programs for the United States Department of Agriculture.

5. Civil conspiracy is defined as a combination by two or more persons to accomplish an unlawful purpose by unlawful
means. Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983).