In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00002-CV


______________________________




BELINDA BENNETT, d/b/a


BELINDA BENNETT DESIGNS, Appellant



V.



F. SCHUMACHER & CO., Appellee




 


On Appeal from the County Court at Law


Gregg County, Texas


Trial Court No. 2002-1369-CC




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Belinda Bennett, d/b/a Belinda Bennett Designs, appeals from a summary judgment
rendered in a lawsuit brought against her on a sworn account. The court awarded
F. Schumacher & Co. $4,388.32 in damages, as shown by its accounts payable affidavit,
and $1,462.78 in attorney's fees pursuant to the affidavit of Schumacher's attorney. 

 Bennett contends that the summary judgment should be reversed because it was
not final due to her pending counterclaim and that the judgment was improperly granted
because, despite the absence of a response, Schumacher did not provide adequate proof
to support its claim.

 We first address the issue of finality. Schumacher's pleadings and motion for
summary judgment are based on allegations Bennett failed to pay for items purchased
from Schumacher. The motion for summary judgment is supported by an affidavit and
accounting specifying the amount owing. 

 Bennett did not file a response to the motion for summary judgment and thus did not
controvert the evidence. She did, however, file a counterclaim in which she claimed that
the amount was not due and owing because of her claim she had received defective
products in a different and later purchase made from Schumacher, and that she was
entitled to offset their claims by the amount for which she was billed for the later purchase,
along with the cost of installation of the defective product. 

 As correctly pointed out by Schumacher, Bennett's claim is for a setoff, which is
defined as a counterdemand by a defendant against a plaintiff, which arises from a
transaction independent of the plaintiff's claim. Black's Law Dictionary 1376 (7th ed.
1999). She did not claim a setoff within the claim raised by Schumacher and has not
provided any evidence or argument that the claim is not valid. She claims, instead, that
the amount due should be offset by an amount calculated in connection with a separate
transaction. 

 The immediate question, however, is not whether the trial court correctly granted
judgment on the sworn account, but whether the existence of her counterclaim within the
lawsuit prevents the judgment from being final. Appeals are allowed only from final orders
or judgments. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). A judgment
is final if it disposes of all pending parties and claims in the record. Jack B. Anglin Co. v.
Tipps, 842 S.W.2d 266, 272 (Tex. 1992); see Clark v. Pimienta, 47 S.W.3d 485, 486 (Tex.
2001). A final judgment is not required to be in any particular form, and we therefore must
determine whether a decree is a final judgment from its language and the record in the
case. Lehmann, 39 S.W.3d at 195. Even a "Mother Hubbard" clause alone does not
indicate that a judgment rendered without a conventional trial is final for purposes of
appeal. Guajardo v. Conwell, 46 S.W.3d 862, 863-64 (Tex. 2001); Lehmann, 39 S.W.3d
at 204. 

 If the judgment is not final, then it is not appealable, and we would have no option
but to dismiss the appeal for want of jurisdiction. See Lehmann, 39 S.W.3d at 195.

 The motion for summary judgment was based solely on Schumacher's sworn
account. It did not address the counterclaim; indeed, it could not have, because the
counterclaim was filed after the motion. Thus, the motion provides no support for an
argument of finality. The judgment itself does not refer to the counterclaim, and we need
not parse the possible meaning of a "Mother Hubbard" clause, because there is none. No
severance of the counterclaim was requested, and none was granted. We also cannot
conclude it was impliedly disposed of by the judgment because the counterclaim does not
directly address the correctness of the sworn account, but instead argues that, even if it
is correct, a setoff should be applied because of a different transaction between the
parties. At the time the court granted summary judgment, there was a counterclaim in
place which was not addressed by the judgment and was not severed.

 Under these circumstances, we must conclude the judgment is not final.

 We dismiss the appeal for want of jurisdiction. 


 Donald R. Ross

 Justice


Date Submitted: July 8, 2003

Date Decided: August 7, 2003