NUMBER 13-03-548-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

JOEL T. PENA AND ERNESTO PENA, JR.,                   Appellants,

 

                                           v.

 

M.K.
TIDWELL COMMERCIAL REALTY, LTD.,                 Appellee.

 

 

 

                  On appeal from the 103rd
District Court

                          of Cameron
County, Texas.

 

 

 

                     MEMORANDUM OPINION

 

              Before Justices Rodriguez,
Castillo and Garza

                  Memorandum Opinion by Justice Castillo

 








On appeal after
remand,[1]
Joel T. Pena and Ernesto Pena, Jr. ("the Penas") appeal the summary
judgment granted in favor of appellee M.K. Tidwell Commercial Realty Ltd. on
their counterclaim for attorney fees.  By
three issues, the Penas assert (1) the summary judgment is not final or,
alternatively, granted more relief than requested, (2) the trial court
reversibly erred by not convening an evidentiary hearing on the Penas'
counterclaim, and (3) summary judgment is improper.  We dismiss for want of jurisdiction.

I.  JURISDICTION    








By their first issue,
the Penas assert that neither the summary-judgment motion nor the summary
judgment address their counterclaim for attorney fees under the Texas Uniform
Declaratory Judgments Act ("the Act").  Tex.
Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon
1997).  Thus, they argue, the summary
judgment is not final, or, alternatively, erroneously grants more relief than
requested.  Tidwell responds that summary
judgment on no-evidence grounds is proper. 


A.  The Record

The procedural posture
post-appeal demonstrates that Tidwell sought declaratory relief and attorney
fees under the Act.  Similarly, the
Penas' amended answer and cross-claim alleged a claim for attorney fees[2]
under both the Uniform Declaratory Judgment Act and rule 13.  See Tex.
R. Civ. P. 13.[3]  Tidwell's no-evidence motion for summary
judgment sought relief on grounds that the Penas:








. . . filed a
counterclaim seeking enforcement of the restrictive covenants through the
[Act].  The Defendants also filed a
counterclaim asserting that the underlying action originally filed by the
Counter-Defendant [Tidwell] was frivolous. 
There is no evidence to substantiate either of these causes of action. 

 

Tidwell also sought
attorney fees under the Act incurred in defending itself against the Penas'
counterclaim, asserting, "the award of attorney fees is not limited to the
party affirmatively seeking declaratory relief."  In their summary-judgment response, the Penas
addressed their attorney fee claim under both the Act and rule 13.

The judgment
demonstrates the trial court granted relief after considering, among other
things, Tidwell's summary-judgment motion and states:

IT IS THEREFORE
ORDERED, ADJUDGED AND DECREED that the counterclaim for frivolous lawsuit
against M.K. Tidwell Commercial Reality, Ltd. is without merit as a matter of
law and, accordingly, Defendants/Counter-Plaintiffs Joel T. Pena and Ernesto
Pena, Jr. take nothing from Counter-Defendant M.K. Tidwell Commercial Realty,
Ltd. on their counterclaim for frivolous suit; and

 

IT IS FURTHER ORDERED,
ADJUDGED AND DECREED that the Defendants' counterclaim for declaratory judgment
that the restrictions are enforceable is hereby denied because this Court's
earlier holding to this effect has been affirmed by the Thirteenth Court of
Appeals and resolves this counterclaim. 
Accordingly, Defendants/Counter-Plaintiffs Joel T. Pena and Ernesto
Pena, Jr. take nothing from Counter-Defendant M.K. Tidwell Commercial Realty,
Ltd. on their counterclaim for declaratory judgment. 

 

The order further
states that "any relief not granted herein" against Tidwell "is
hereby denied."  

B.  The Law on Finality of a Judgment








Unless one of the
sources of our authority specifically authorizes an interlocutory appeal, we
only have jurisdiction over an appeal taken from a final judgment.  Lehmann v. Har‑Con Corp., 39
S.W.3d 191, 195 (Tex. 2001); N. E. Indep. Sch. Dist. v. Aldridge, 400
S.W.2d 893, 895 (Tex. 1966); Parks v. Dewitt County Elec. Coop., 112
S.W.3d 157, 161 (Tex. App.BCorpus Christi 2003,
no pet.).  Absent an express grant of
authority, we do not have jurisdiction to review an interlocutory order.  Steeple Oil & Gas Corp. v. Amend,
394 S.W.2d 789, 790 (Tex. 1965) (per curiam); see Tex. Civ. Prac. & Rem. Code Ann. ' 51.014 (Vernon Supp.
2004-05). Therefore, before we consider the issues, we must first determine if
the order granting summary judgment signed June 9, 2003 is a final
judgment.  Parks, 112 S.W.3d at
161.  

A judgment is final if
it disposes of all pending parties and claims in the record. Id. (citing
Guajardo v. Conwell, 46 S.W.3d 862, 863‑64 (Tex. 2001) (per
curiam) and Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992)
(orig. proceeding)). In cases in which only one final and appealable judgment
can be rendered, a judgment issued without a conventional trial is final for
purposes of appeal if and only if either it actually disposes of all claims and
parties then before the court, regardless of its language, or it states with
unmistakable clarity that it is a final judgment.  Id. (citing  Lehmann, 39 S.W.3d at 204).  The law does not require that a final
judgment be in any particular form.  Id.  Therefore, whether a decree is a final
judgment must be determined from its language and the record in the case.  Id.








No presumption
attaches that a motion for summary judgment addresses all of the movant's
claims.  Id.  A claim is not waived merely because it is
not expressly presented in a motion for summary judgment.  Id. (citing McNally v. Guevara,
52 S.W.3d 195, 196 (Tex. 2001)).  To
determine whether an order actually disposes of all pending claims and parties,
the appellate court may look to the record in the case. Id. (citing Lehmann,
39 S.W.3d at 205).

C.  The Law on Statutory Attorney Fees








At the heart of the
parties' dispute are competing claims for statutory attorney fees.[4]  An award of attorney fees must be based on
statutory authority.  We strictly
construe statutes providing for recovery of attorney fees.  City of Austin v. Travis County Landfill Co.,
25 S.W.3d 191, 206‑07 (Tex. App.BAustin 1999), rev'd on
other grounds, 73 S.W.3d 234 (Tex. 2002) (citing New Amsterdam Cas. Co. v.
Tex. Indus., Inc., 414 S.W.2d 914, 915 (Tex. 1967) and Van Zandt v. Fort
Worth Press, 359 S.W.2d 893, 895 (Tex. 1962)).  Thus, any award of attorney fees in this case
must find its authority in the Uniform Declaratory Judgments Act.  The Act allows the trial court to award
reasonable and necessary attorney fees as are equitable and just.  See Tex.
Civ. Prac. & Rem.
Code Ann. ' 37.009 (Vernon 1997).
 The award of attorney fees in a
declaratory judgment action is clearly within the trial court's discretion and
is not dependent on a finding that a party substantially prevailed.  Barshop v. Medina County Underground Water
Conservation Dist., 925 S.W.2d 618, 637 (Tex. 1996); State Farm Lloyds
v. C.M.W., 53 S.W.3d 877, 894 (Tex. App.BDallas 2001, pet. denied); Hartford Cas. Ins.
v. Budget Rent‑A‑Car, 796 S.W.2d 763, 771 (Tex. App.BDallas 1990, writ
denied).  

D.  Analysis

Neither Tidwell nor
the Penas have waived their claims for attorney fees under the Act.  Tidwell's summary-judgment grounds (1)
challenged the Penas' attorney fee claim under rule 13 and not the Act, and (2)
sought affirmative relief on its claim for attorney fees under the Act.  The summary-judgment order:  (1) grants relief on the Penas' counterclaim
for declaratory judgment without addressing the attorney fee claim under the
Act; (2) resolves all issues between the parties, and, thus, grants more relief
than Tidwell's summary-judgment motion on rule 13 grounds requested; and (3)
states "any relief not granted against Tidwell is denied,"
thus, arguably, denies the Penas' rule 13 claim, the sole ground asserted in Tidwell's
motion.  








Nothing in the trial
court's judgment suggests that it was aware of, and, thus,  intended to deny the Penas' statutory claim
for attorney fees.  The grant of summary
judgment on the Penas' statutory claim under the Act does not make the judgment
on the Penas' statutory attorney fee claim final.  Because the judgment does not appear final on
its face and because it did not dispose of the Penas' claim for statutory
attorney fees, it is not an appealable judgment.  Thus, the record does not affirmatively
demonstrate our jurisdiction.  Parks,
112 S.W.3d at 163; Yih Cheng Liu v. Weh‑Lih Yang, 69 S.W.3d 225,
229 (Tex. App.BCorpus Christi 2001,
no pet.).

The lack of finality
is further demonstrated by the summary-judgment's disposition of the claim for
affirmative relief in Tidwell's summary-judgment motion.  Although Tidwell sought relief on no-evidence
grounds on the Penas' counterclaim, by his motion Tidwell also sought
affirmative relief on his counterclaim for statutory attorney fees.[5]  In their own stead, the parties argue on
appeal that they were prevailing parties as the result of application of the
law of the case post-direct appeal. The disposition of the competing attorney
fee claims apparently awaited the outcome of the trial on the remaining claims
on remand, not uncommon in similar proceedings. See Tex. R. Civ. P. 174(b); see also
Perma Stone‑Surfa Shield Co. v. Merideth, 752 S.W.2d 224, 226 (Tex.
App.BSan Antonio 1988, no
writ) ("The separate trial contemplated by Tex. R. Civ. P. 174 results in an interlocutory order
determining the claims or issues tried, but there is only one final judgment
which is entered after all claims and issues involved in the suit have been
tried.").  Even so, prevailing‑party  status is not required for an award of
attorney fees under the Act.  See Barshop,
925 S.W.2d at 637‑38.  Thus, we
turn to the question of our disposition. 








A summary judgment
cannot be affirmed on grounds not expressly set out in the motion.  Liu, 69 S.W.3d at 228.  Determination of the issues associated with
competing claims for statutory attorney fees requires more than the
determination of perfunctory issues which can be procedurally cured by the
trial court entering a clarifying or similar order.  Parks, 112 S.W.3d at 163.  The salient question as to whether any party
is entitled to statutory attorney fees on their competing counterclaims is not
ripe for appellate review; rather, it remains pending before the trial
court.  Because we do not believe there
is a final, appealable order before this Court over which we have jurisdiction,
or that the appeal merely can be abated until a final order is before the
Court, we conclude that we have no power to review the order granting summary
judgment.  Id. at 164.  The appeal must be, and hereby is, dismissed
for want of jurisdiction.  Id.  

II.  CONCLUSION

We sustain the Penas'
first issue and, accordingly, dismiss for want of jurisdiction.                           

ERRLINDA CASTILLO

Justice

 

 

 

Memorandum Opinion delivered and filed

this the 22nd day of August, 2005.











[1] See Joel T. Pena v. M.
K. Tidwell Commercial Realty, Ltd., No. 13‑98‑603‑CV,
2000 Tex. App. LEXIS 7478 (Tex. App.BCorpus Christi, Nov. 2, 2000, no pet.).  Tidwell initially brought suit seeking a
declaratory judgment setting aside a restrictive covenant on deeds.  Joel Pena was a defendant in the declaratory
judgment suit and the appellant on the 
direct appeal.  A panel of this
Court affirmed, in part, and reversed and remanded, in part: 

 

The trial court erred in granting
summary judgment, holding that the appellant's right to enforce the restrictive
covenant expired in "1996 or 1997."  Appellant may enforce the restrictions upon
any owner who is still bound by the restrictions.  Lots five, six, seven, eight and nine are still
bound by the restrictive covenants.  The
restrictive covenants have expired for lots twenty, twenty‑one, and
twenty‑two, and the summary judgment is proper as to these lots.

 

The judgment of the trial court is
AFFIRMED, as it refers to lots twenty, twenty‑one, and twenty‑two.  The judgment of the trial court, as it refers
to lots five, six, seven, eight, and nine, and insofar as it holds that
appellant may not enforce the restrictive covenant as to these lots, is
REVERSED and REMANDED for further proceedings consistent with this opinion.

 

Id. at *11‑*12 (emphasis
supplied).  In short, the law of the case
on remand established that Pena had the right to seek to have the restriction
enforced against any owner who is still bound under the restrictive covenant.  Id. at *8.





[2] The parties direct us to the
Penas' two different amended answers. 
Even so, both affirmatively seek attorney fees, germane to Tidwell's
summary-judgment motion.  See Tex. R. Civ. P. 1, 48, 64, and 97(b); see
also Tex. R. Civ. P. 90,
91.  





[3] Rule 13 states:

 

The signatures of attorneys or
parties constitute a certificate by them that they have read the pleading,
motion, or other paper; that to the best of their knowledge, information, and
belief formed after reasonable inquiry the instrument is not groundless and
brought in bad faith or groundless and brought for the purpose of
harassment.  Attorneys or parties who shall
bring a fictitious suit as an experiment to get an opinion of the court, or who
shall file any fictitious pleading in a cause for such a purpose, or shall make
statements in pleading which they know to be groundless and false, for the
purpose of securing a delay of the trial of the cause, shall be held guilty of
a contempt.  If a pleading, motion or
other paper is signed in violation of this rule, the court, upon motion or upon
its own initiative, after notice and hearing, shall impose an appropriate sanction
available under Rule 215‑2b, upon the person who signed it, a represented
party, or both.

 

Courts shall presume that
pleadings, motions, and other papers are filed in good faith.  No sanctions under this rule may be imposed
except for good cause, the particulars of which must be stated in the sanction
order.  "Groundless" for
purposes of this rule means no basis in law or fact and not warranted by good
faith argument for the extension, modification, or reversal of existing law.  A general denial does not constitute a
violation of this rule.  The amount
requested for damages does not constitute a violation of this rule.

 

Tex. R. Civ. P. 13.





[4] Suits for declaratory judgment are
intended to determine the rights of parties when a controversy has arisen,
before any wrong actually has been committed. 
Montemayor v. City of San Antonio Fire Dep't., 985 S.W.2d 549,
551 (Tex. App.BSan Antonio 1998, pet.
denied).  In a declaratory judgment
action, the trial court "may award costs and reasonable and necessary
attorney fees as are equitable and just." 
Garcia v. Comm'rs Court of Cameron County, 101 S.W.3d 778, 784
(Tex. App.BCorpus Christi 2003, no pet.)
(citing Tex. Civ. Prac. & Rem. Code
Ann. _ 37.009 (Vernon 1997)).  When a claimant has properly invoked the
declaratory judgment statute, either party may plead for and obtain attorney
fees.  Templeton v. Dreiss, 961
S.W.2d 645, 671 (Tex. App.BSan Antonio 1998, pet. denied) (citing Estopar Holdings,
Inc. v. Advanced Metallurgical Tech., Inc., 876 S.W.2d 205, 211 (Tex. App.BFort Worth 1994, no writ)).   





[5] Tidwell sought attorney fees in a
set amount, asserting the fees were "reasonable and necessary attorney
fees" in defending against the Penas' counterclaim.  We observe, however, that Tidwell did not
attach an affidavit relevant to the factors set forth in Arthur Andersen
& Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997), for
determining whether attorney fees are reasonable and necessary.  The Penas responded generally that they were
entitled to statutory  attorney fees.  The summary judgment states, in part, that
all issues are resolved between the parties and, on the other hand, "any
relief not granted herein against [Tidwell] is hereby denied."  Because of our disposition below, we do not
decide whether the trial court's order denied Tidwell's summary-judgment
grounds for statutory attorney fees.  See
Tex. R. App. P. 47.1.