

NUMBER 13-17-00552-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

L.A.M., INC.,                                                                                            Appellant,

v.

AUSTIN DIAMOND DISTRICT, LLC.,                                               Appellee.

On appeal from the County Court at Law No. 2
of Travis County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa**
**Memorandum Opinion by Justice Longoria**

Appellant L.A.M., Inc. ("L.A.M.") filed suit against appellee Austin Diamond District, LLC ("ADD") for breach of contract regarding three diamonds. ADD filed a counterclaim for business disparagement; later, ADD filed a motion for summary judgment on L.A.M.'s claims. The trial court granted ADD's motion for summary judgment. L.A.M. argues on

appeal that the trial court erred in granting the motion for summary judgment. We dismiss the appeal for want of jurisdiction.

## I. BACKGROUND[1]

L.A.M. and ADD are two businesses in the diamond trade in Austin. L.A.M. sells diamonds to retailers and other middlemen. ADD is a jewelry designer and frequent client of L.A.M. The two have done business for years together. ADD's owner, Matt O'Desky, explained that L.A.M. has delivered hundreds of stones to ADD over the years. If ADD kept a diamond or sold it, then the sale was reported to L.A.M. and an invoice was generated. Otherwise, ADD would return the stone to L.A.M. The current dispute involves three lost diamonds. L.A.M. alleges that ADD failed to return or pay for three diamonds that L.A.M. had delivered to it. ADD claims that it only received two diamonds and that it returned those two to L.A.M. Before filing suit against ADD, L.A.M. first filed a claim with the Jewelers Board of Trade. In response to the suit, ADD filed a counterclaim for business disparagement. ADD later filed a motion for summary judgment on L.A.M.'s claims.

L.A.M. filed its response to ADD's motion for summary judgment just before 5:00 p.m. on the last business day before the day of the hearing on the motion. On May 16, 2017, the trial court issued an order formally denying L.A.M. leave to file its response. In a separate order on the same day, the trial court granted ADD's motion for summary judgment. The order dismissed all of L.A.M.'s claims with prejudice; the last sentence of the order added, "[t]his order disposes of all claims as to all parties and is therefore final

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

and appealable." On June 2, 2017, ADD sent a letter to the trial court, explaining that the last sentence was included in error because ADD's counterclaim for business disparagement was still before the court. On June 15, 2017, the trial court issued an "amended order," which used the same language as the May 16 order but without the last sentence about the order disposing of all claims and being final and appealable.

L.A.M. filed a motion for new trial and a motion for reconsideration. On August 1, 2017, the trial court issued an order stating that L.A.M.'s motion for reconsideration was granted. However, the order stated that, despite considering L.A.M.'s response to ADD's motion, the trial court "finds no reason to change its conclusion that summary judgment is warranted. Accordingly, the Order on [ADD's] Traditional and No-Evidence Motion for Summary Judgment, as signed on May 16, 2017, stands." L.A.M. then filed this appeal.

## II. FINAL AND APPEALABLE ORDER

On appeal, L.A.M. argues that the motion for summary judgment should be reversed because it produced competent summary judgment evidence to raise questions of fact. However, as a preliminary issue, ADD argues that we do not have appellate jurisdiction to hear L.A.M.'s claims because the August 1 order which L.A.M. appeals from is not a final order.

### A. Standard of Review and Applicable Law

As a general rule, an appeal may only be taken from a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record." *Id.* An order that "finally disposes of all parties and all claims and is appealable would leave no

doubt about the court's intention to finally dispose" of a case. *In re Daredia*, 317 S.W.3d 247, 248 (Tex. 2010) (internal quotations omitted).

## B. Discussion

L.A.M. argues that the order issued on August 1 was a final and appealable order. According to L.A.M., the August 1 order disposed of all claims and all parties because it upheld the summary judgment order "as signed on May 16, 2017." The May 16 order was the original order that included language of finality. Thus, L.A.M. asserts that the August 1 order dismissed all claims, including ADD's counterclaim, by embracing the finality language of the original order.

L.A.M. relies on, and compares this case to, *In re Elizondo*, 544 S.W.3d 824, 825 (Tex. 2018). However, *Elizondo* is distinguishable from the present case in at least one critically important way. In *Elizondo*, the trial court issued an order stating: "This judgment is final, disposes of all claims and all parties, and is appealable. All relief not granted herein is denied." *Id*. More than thirty days after the order was issued, one of the parties requested an amended order to omit the finality phrase, and the trial court did so. The Supreme Court of Texas held that the original language of the order was clearly sufficient to indicate finality. *Id*. at 828. The court also held that the amended order that omitted the finality language was void because the amended order was issued more than thirty days after the order was issued, meaning that it fell outside of the court's plenary power. *See id*. at 829. However, in the present suit, the trial court filed an amended order within its plenary power upon ADD's request. The amended order has no finality language. In addition, the August 1 order itself "did not expressly dispose of all the claims and parties in the case, nor was its intent to do so unmistakable." *Clark v. Pimienta*, 47 S.W.3d 485,

4

486 (Tex. 2001). The August 1 order itself does not state in clear and unequivocal language that the order is final and appealable; it makes no mention of ADD's claims and on its face, it only refers to ADD's motion for summary judgment on L.A.M.'s claims. Instead, the August 1 order clearly states it is merely upholding its previous grant of summary judgment on L.A.M.'s claims, even considering L.A.M.'s late-filed response. In doing so, it referred to the date of the original May 16 order, which, as amended, has no finality language.

Therefore, we conclude that the order on August 1 was not a final order because it, and the amended order granting summary judgment, only disposed of L.A.M.'s claims against ADD; ADD's counterclaim for business disparagement is still before the trial court. *See Elizondo*, 544 S.W.3d at 825–29. We grant ADD's motion to dismiss the appeal.

### III. CONCLUSION

We dismiss the appeal for want of jurisdiction.

NORA L. LONGORIA
Justice

Delivered and filed the
14th day of February, 2019.

5