**Dismissed for Lack of Jurisdiction and Memorandum Opinion filed October 15, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00861-CV

### JOSEPH K. WATTS, Appellant

### V.

### STEWART A. FELDMAN, INDIVIDUALLY, THE FELDMAN LAW FIRM LLP, RAPID SETTLEMENTS, LTD., RAPID MANAGEMENT CORP., RSL-3B-IL, LTD., RSL-3B-IL MANAGEMENT CORP., RSL-5B-IL MANAGEMENT CORP., RSL-5B-IL, LTD., RSL SPECIAL MANAGEMENT CORP., RSL-SPECIAL IV, LTD., AND RAPID FUNDING CORP., Appellees

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-09825B**

## M E M O R A N D U M   O P I N I O N

Appellant Joseph K. Watts seeks to appeal an order in this post-judgment garnishment action in which the trial court ordered the release of funds from the court's registry for distribution to the IOLTA account of appellee The Feldman

Law Firm LLP. In their brief, appellees/garnishors Stewart A. Feldman, individually, The Feldman Law Firm LLP, Rapid Settlements, Ltd., Rapid Management Corp., RSL-3B-IL, Ltd., RSL-3B-IL Management Corp., RSL-5B-IL Management Corp., RSL-5B-IL, Ltd., RSL Special Management Corp., RSL-Special IV, Ltd., and Rapid Funding Corp. (collectively the "Feldman Parties) challenged this court's appellate jurisdiction. Concluding that the order is interlocutory and that no statute authorizes an interlocutory appeal from the order, we dismiss for lack of appellate jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Feldman Parties obtained a judgment against appellant/judgment debtor Joseph K. Watts and others (the "Judgment"). In August 2017, the Feldman Parties, contending that "at least $39,628.59" remained outstanding to satisfy the Judgment, filed their Application for Writ of Garnishment After Judgment in the trial court below under cause number 2009-09825-B in the 55th Judicial District Court. The Feldman Parties named as garnishees Wells Fargo Bank, N.A. and Amegy Bank of Texas, and asserted their belief that Watts had one or more accounts at each bank.

Eight days later, Watts filed an "Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction." Wells Fargo then filed an answer to the garnishment application and sought to recover reasonable attorney's fees.

Watts filed a "Motion to Interplead Funds into the Registry of the Court," and sought attorney's fees and costs. The same day, the trial court issued an order dismissing the claims against Amegy Bank of Texas without prejudice at the request of the Feldman Parties.

Watts then filed an "Amended Application for Temporary Restraining

2

Order, Motion to Dissolve the Hold/Writ of Garnishment and for Sanctions," in which he asked the trial court to issue a temporary restraining order, set a hearing on Watts's application for a temporary injunction, and after trial issue a permanent injunction against the Feldman Parties. Watts also sought monetary sanctions against the Feldman Parties, including monetary sanctions based on Watts's attorney's fees.

On September 7, 2017, the trial court signed an "Order on Motion to Interplead Funds into the Registry of the Court" ("First Order"), in which the trial court provided that Wells Fargo *may* deposit the proceeds of a June 9 check into the registry of the court and that if Wells Fargo did so it would be released and the garnishment would be "lifted." The trial court did not address Wells Fargo's request for attorney's fees, nor did it rule on Watts's request for injunctive relief and sanctions. The face of the First Order shows proposed language that would have awarded Watts reasonable and necessary attorney's fees and costs, but that language is crossed out.

On September 10, 2017, the Feldman Parties filed a motion seeking release of any funds deposited funds deposited by Wells Fargo. The next day, Watts filed an "Emergency Motion to Quash Writ of Garnishment" and in it requested sanctions and reasonable attorney's fees and costs.

The following day, the trial court considered the emergency motion and issued an order quashing the writ of garnishment and modifying the procedures set forth in the First Order ("Second Order"). In the Second Order the trial court did not address Watts's requests for sanctions and attorney's fees.

On September 25, 2017, the trial court issued an order granting the Feldman Parties' motion for release of funds (the "Third Order"). In the Third Order, the trial court determined that the Feldman Parties were entitled to funds deposited in

3

the court's registry and ordered the district clerk to distribute the funds in the registry to the IOLTA account of The Feldman Law Firm LLP for application against the Judgment. Watts filed a notice of appeal purporting to appeal from the Third Order.

## II. JURISDICTIONAL ANALYSIS

No statute authorizes an interlocutory appeal in this case, so this court has jurisdiction over this appeal only if the Third Order is final for purposes of appeal. *See Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). An order issued without a conventional trial on the merits is final for purposes of appeal if it (1) actually disposes of all claims and all parties before the court or (2) states with unmistakable clarity that it is a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192, 200 (Tex. 2001).

The trial court did not include any language in the Third Order indicating that this order was final or that the order resolved all claims between and among all parties. Nor did the trial court state with unmistakable clarity that the trial court rendered a final judgment. *See Lehmann*, 39 S.W.3d at 200. Watts has not purported to appeal from the First Order or the Second Order. In neither of these orders did the trial court indicate that the order was final or state with unmistakable clarity that the trial court rendered a final judgment. *See id.* In a brief on the jurisdictional issue, Watts argues that this court has appellate jurisdiction based on the Second Order, which Watts claims is final and appealable because the trial court disposed of all claims and parties in this order.

Wells Fargo requested attorney's fees in its original answer, yet none of the orders in our record disposes of Wells Fargo's request. *See Rowley v. Lake Area Nat. Bank*, 976 S.W.2d 715, 721 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (explaining that a garnishee can recover costs and attorney's fees from the

4

creditor under certain circumstances). Watts asked the trial court to issue a temporary restraining order, set a hearing on Watts's application for a temporary injunction, and after trial issue a permanent injunction against the Feldman Parties. Watts also requested monetary sanctions against the Feldman Parties, reasonable attorney's fees, and costs. None of the orders in our record disposes of any of these requests by Watts. Because the trial court did not dispose of any of these requests, the trial court did not dispose of all claims and parties in any of the three orders. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (concluding judgment in which court did not dispose of defendant's request for attorney's fees did not dispose of all claims and parties and was interlocutory) (per curiam); *Fleming & Assocs., L.L.P. v. Kirklin*, 479 S.W.3d 458, 461 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). Thus, none of the three orders is final and appealable, and we find no merit in Watts's arguments as to why this court has appellate jurisdiction.

## III. CONCLUSION

In the Third Order, the trial court did not actually dispose of all claims and all parties, nor did the trial court state with unmistakable clarity that the order was final. Though Watts does not purport to appeal the First Order or the Second Order, in neither order did the trial court actually dispose of all claims and all parties or state with unmistakable clarity that the order was final. The record contains no order in which the trial court has severed any of the requests for relief by Wells Fargo or by Watts. Nor does the record reflect that Wells Fargo or Watts has dismissed or withdrawn any of these requests. So, the Third Order is interlocutory, and our record contains no final order over which this court might have appellate jurisdiction. *Clark v. Pimienta*, 47 S.W.3d 485, 486 (Tex. 2001). Because no statute provides for an interlocutory appeal from the Third Order or

5

any order in our record, this court lacks appellate jurisdiction. *See In the Interest of E.S.*, No. 14–14–00328–CV, 2015 WL 1456979, at \*3 (Tex. App.—Houston [14th Dist.] Mar. 26, 2015, no pet.) (mem. op.). Because we have no appellate jurisdiction, we cannot and do not reach the merits of Watts's appeal. *See Lehmann*, 39 S.W.3d at 200. Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan.