

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00087-CV

IN RE BARBER FAMILY CORPORATION

Original Mandamus Proceeding

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Neotis Robinson sought to collect a judgment against the Barber Family Corporation (the Corporation) using a writ of execution. After the trial court denied the Corporation's motion to quash the writ of execution, the Corporation filed this petition for a writ of mandamus asking this Court to declare void the Robinson judgment. Because the Corporation has failed to show itself entitled to mandamus relief, we deny the petition.

To better understand the current situation, a bit of backstory is in order. On April 25, 2007, the Corporation filed a breach of contract action against Robinson. Robinson failed to file an answer, and on December 14, 2007, the County Court at Law of Cass County entered an interlocutory judgment finding Robinson in default but ordering "that the tr[ia]l of this cause be . . . postponed, to be set for tr[ia]l in the *ordinary* course of proceedings, at which time . . . a final judgment shall be rendered, and this interlocutory judgment shall be finalized in accord with that judgment." On January 9, 2008, Robinson filed an answer and counterclaim for trespass to realty, seeking compensation for damages to his real property. Almost one year later, on December 8, 2008, the trial court entered a judgment against Robinson as to the Corporation's claims (December 2008 Judgment). The December 2008 Judgment found Robinson in default and ordered him to pay the Corporation $40,000.00 in damages and $2,500.00 in attorney fees, but it did not reference or rule on Robinson's counterclaim.

On February 8, 2016, a trial was held on Robinson's counterclaim against the Corporation, but the Corporation failed to appear. On February 17, 2016, the trial court entered a final judgment in favor of Robinson on his counterclaim against the Corporation, awarding him a total of $64,767.00 in damages (February 2016 Judgment). In 2022, a writ of execution was issued as to the February 2016 Judgment, and after a hearing in July, the trial court denied the Corporation's motion to quash the writ. The Corporation then filed this petition for a writ of mandamus asking this Court to declare the trial court's February 2016 Judgment void. We deny the petition.

To be entitled to mandamus relief, the relator must show (1) that he has no adequate remedy at law and (2) that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The relator is obligated to provide "this Court with a sufficient record to establish [his] right to mandamus relief." *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see also* TEX. R. APP. P. 52.3. Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding).

3

"[A] litigant may attack a void judgment [either] directly or collaterally." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012); *In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012). "A direct attack—such as an appeal, a motion for new trial, or a bill of review—attempts to correct, amend, modify or vacate a judgment and must be brought within a definite time period after the judgment's rendition." *PNS Stores, Inc.*, 379 S.W.3d at 271. "A collateral attack seeks to avoid the binding effect of a judgment . . . to obtain specific relief that the judgment currently impedes." *Id.* at 272. While "a void judgment may be collaterally attacked" at any time, "[a] judgment is void only when it is apparent that the court rendering judgment 'had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act.'" *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) (quoting *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (per curiam) (orig. proceeding)).

The Corporation contends that the trial court committed a clear abuse of discretion by denying its motion to quash because the February 2016 Judgment, upon which the writ of execution was based, was void. Essentially, the motion to quash was the vehicle by which the Corporation sought to collaterally attack the validity of the February 2016 Judgment. Here, the Corporation raises several arguments based on the premise that the February 2016 Judgment is void because the December 2008 Judgment was a final judgment.

Although Robinson's answer and counterclaim were filed nine months after the petition was filed, they were filed before the Corporation could obtain a final judgment on its claims

4

against Robinson. "A default judgment may not be granted when the defendant has an answer on file, even if the answer was filed late." *Thomas v. Gelber Grp.*, 905 S.W.2d 786, 788 (Tex. App.—Houston [14th Dist.] 1995, no writ); *see* Tex. R. Civ. P. 239; *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam) (orig. proceeding).

A judgment is final if it disposes of all pending parties and claims in the record. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding); *see Clark v. Pimienta*, 47 S.W.3d 485, 486 (Tex. 2001) (per curiam). A final judgment is not required to be in any particular form, and we therefore must determine whether a decree is a final judgment from its language and the record in the case. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001), *overruled on other grounds by Indus. Specialists, LLC v. Blanchard Ref. Co. LLC*, 652 S.W.3d 11, 14 (Tex. 2022). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id.* at 205. "[I]f the record reveals the existence of parties or claims not mentioned in the order, the order is not final." *Id.* at 206.

Here, the December 2008 Judgment purportedly resolved the Corporation's claims against Robinson but did not reference, resolve, or sever Robinson's counterclaim against the Corporation or purport to dispose of all claims and all parties. "A[ judgment] that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim." *Id.* at 205.

5

Because the December 2008 Judgment failed to adjudicate the counterclaim, it was not a final judgment, as it did not resolve all claims against all parties. *See id.*

Since the December 2008 Judgment was not a final judgment, the Corporation's argument attacking the validity of the February 2016 Judgment fails. Since there is no showing of a clear abuse of discretion, the Corporation has failed to show itself entitled to mandamus relief. We deny the petition.


Josh R. Morriss, III
Chief Justice

Date Submitted:     December 21, 2022
Date Decided:       December 22, 2022